GILLA SANDERS, plaintiff in error, vs. F. S. JOHNSON, defendant in error.

[1.] A note though given on Sunday, and given in a work not of " necessity or charity," is yet, not within the Act of 1762, for keeping holy the Lord's day, and other purposes, if it be made otherwise than in the exercise of the "ordinary callings" of the parties to the note.

[2.] On the party pleading the said Act of 1762, is the onus of showing, that the contract resisted, was made by the parties to it, in the exercise of " worldly labor, business, or work, of their ordinary callings."

Attachment and assumpsit, in Jones Superior Court. Tried before Judge HARDEMAN, at October Term, 1859.

This was an attachment by F. S. Johnson, plaintiff below, against Gilla Sanders, defendant below, on the following promissory note, to-wit:

Sanders vs. Johnson.

$150.          JONES COUNTY, GEORGIA, Nov. 4th, 1854.

On or before the first day of January, 1856, we, or either of us, promise to pay F. S. Johnson, or bearer, one hundred and fifty dollars, value received.

his

(Signed,)                      WILSON ⋈ SANDERS,
                                    mark.

her

GILLA ⋈ SANDERS,

Witness.                              mark.

his

BERRY ⋈ SANDERS,

mark.

It appeared by agreement of counsel, that the note sued on was made and signed on Sunday, 5th November, 1854. That the consideration thereof was goods sold and delivered to Wilson Sanders, by plaintiff; that said goods were sold anterior to the making the note, and on business days, or days other than Sundays, and that defendant signed said note as security.

Upon this testimony, defendant requested the Court to charge the jury, "that if the note was made and executed on the Sabbath or Lord's day, they should find for the defendant, as notes made and executed on that day, are void, unless the same be for works of necessity or charity;" which charge the Court refused to give, but on the contrary, charged the jury, "that the defendant by signing the note, admits its consideration to be good, and that the note before them is legal and collectable."

To which charge and refusal to charge, counsel for defendant excepted.

The jury found for the plaintiff the full amount of the note, and counsel for defendant tendered their bill of exceptions, assigning as error the charge, and refusal to charge as aforesaid.

Isaac Hardeman, for plaintiff in error.

R. W. Bonner, *contra.*

*By the Court.*—Benning J. delivering the opinion.

Was the Court below right in refusing to charge as requested? We think so.

[1.] If the note was given otherwise than in the exercise of "any worldly labor, business, or work of the ordinary" "callings" of the parties to it, the note, though made on Sunday, was not within the Act of 1762, (*Cobb* 853,) and, therefore, was not rendered void by that Act. The request takes no notice of this hypothesis, but assumes, that *all* notes made on Sunday, are void, except those made in "works of necessity or charity." The request was, therefore, we think, erroneous. *Drury vs. Defontaine,* 1 *Taunt.* 131; *Bloxsome vs. Williams,* 3 *B. and C.,* 233, 234; *Sandiman vs. Beach,* 7 *B. and C.,* 96; *Rex vs. Inhabitants of Whitrash,* 7 *B. and C.,* 596; *Chitty on Con.* 423.

Was the charge right? We see no error in it.

[2.] It does not appear from the evidence, that the note was made by the parties to it, in the exercise of "worldly labor, business, or work, of their ordinary callings;" and the onus was upon the defendant, (the plaintiff in error,) to show, that it was. It is to be presumed, that all persons are innocent until it is shown, that they are guilty. It is to be presumed, therefore, that the making of the note was *not* in the exercise of the ordinary callings of the parties to the note, until the contrary is shown. The evidence does not tell us, what was the ordinary calling of any of those parties—the payee—the principal—the surety. The onus then, standing as it did, and the evidence being as it was, we think, with the Court below, that the note was to be regarded as "collectable."

Thus far, the aim has been, to show, that the case is not

within the Act of 1762.  But even if it were within that Act, two serious questions would remain—one, whether the note would be *void.*  In *Comyn vs. Boyer*, (*Cro. Eliz.*, 485,) the King's bench held, that a contract within a similar statute, was not void.  That Court's view, probably, was, that the penalty was to be inflicted, but that the contract was to be held good.  And it is difficult to suppose, that any Legislature could intend to aid dishonesty, by allowing parties to repudiate their obligations, merely because incurred on Sunday. Encouraging crime is a poor way to punish crime.

The other question is, whether the Act of 1762, was not. repealed by the 10th section of the 4th article of the Constitution of Georgia.  Does not that Act give to those "religious societies," which believe, that the "Lord's day" is the first day of the week, a "preference" over those which believe, that the "Lord's day" is the seventh day of the week?  If it does, it is in conflict with that section.

These questions we do not determine, that not being necessary in the view we take of the case.

Judgment affirmed.