H. F. RUSSELL, plaintiff in error, *vs.* C. D. CARR & Co., defendants in error.

The date of a mortgage is the day of its delivery, and that day may be shewn by parol, notwithstanding a different date be on the face of the deed.

Two mortgages executed on the same day are of equal date, and if both are recorded in time, are entitled to share *pro rata* in a fund not sufficient to satisfy them both.

The law will not note fractions of a day except to prevent injustice, and in cases specially provided for by law.   WARNER, J., dissenting.

Priority of mortgage liens.   Decided by Judge GIBSON. Richmond Superior Court.   June Term, 1868.

The house and lot of Thomas M. Johnson was sold by the sheriff for $6,800 00.   He applied $4,111 00 to costs and a mortgage in favor of Clayton.   The balance was claimed by C. D. Carr & Co., and also by Henry F. Russell, mortgagees, each of whom claimed that his lien had precedence over the other's.   The sheriff having been ruled, these mortgagees were at issue on this point, and agreed that the Judge should decide both the law and the facts in the cause.

On the 24th of April, 1867, Johnson made and delivered two

Russell *vs.* Carr & Co.

mortgages on said lot. One was to Alpheus C. Bean, to secure a note for $2,000 00, dated 16th April, 1867. It was recorded on the 7th of May, 1867, and transferred to Henry F. Russell on the next day. It noticed a previous mortgage to Clayton for $3, 500 00. The other was to Henry W. Carr, C. D. Carr & Company, dated the 16th of April, 1867, to secure a note for $1709 07, of that date, recorded on the 26th of April, 1867, and it made no mention of any previous mortgage. These mortgages had been foreclosed at the same term of said Court; no defence had been made to either; one was described in the pleadings and mortgage *fi. fas.* as of the 16th, and the other as of the 24th of April, 1867. Russell's mortgage was delivered about noon, the other was not ready, and therefore was not delivered till about 2 o'clock, P. M. The draftsmen of Russell's mortgage said to Johnson that he dated the mortgage and note to correspond with a check which Johnson had given Bean, which check he gave up when Johnson signed the note. There was some dispute as to the circumstances attending the delivery of these mortgages, Carr contending that Johnson promised that no one should have a preference over him, and Johnson asserting that he said his premises cost $10,000 00 in gold, were sufficient to secure all, and that Carr should have the third mortgage.

The foregoing facts appeared by the papers and the oral testimony of the mortgagees, of Johnson and the draftsmen of the mortgages. Carr's attorney objected to Johnson upon the ground of incompetency, and to his testimony upon the ground that it varied a written instrument, but the Court overruled this objection. The Court held that said balance should be divided between the two mortgages *pro rata.* To this decision both sides excepted and assigned errors. Russell's attorney said that, because his mortgage was delivered first, he should be paid in full, in preference to the other. Carr's attorney said the Judge erred in allowing Johnson to testify, and as to the effect of his testimony, and contended that his mortgage should have been paid to the exclusion of Russell's, because, by date, it was older than Russell's, and because, if Russell intended contesting the priority of Carr's

lien, he should have made himself a party to Carr's motion for foreclosure, and contested it before judgment. These objections, by a cross-bill of exceptions, came up for adjudication.

W. HOPE HULL, L. E. BLECKLEY, for Russell, furnished no brief to the Reporter.

JOSEPH N. CARR, (by the Reporter,) for Carr & Company, made the following points and citations: Johnson was incompetent because of interest. *Nesbet vs. Lawson,* 1 *Kelly,* (*Georgia Reports,*) 275; *Bailey vs. Lumpkin, Ibid,* 392; *Howard vs. Brown,* 3 *Kelly,* (*Ga. R.,*) 527; *Harvey vs. Anderson,* 12 *Ga. R.,* 69; 1 Gr. on Ev., secs. 190, 397. 1 Phil. on Ev., 526, 530. Code of Georgia, secs. 3721, 3725. The statute making parties competent does not make Johnson so. Revere vs. Leonard, 1 Mass. R., 91; *Winkler vs. Scudder,* 1 *Kelly,* (*Ga. R.,*) 168; *Barrett vs. Troutman,* 9 *Ga. R.,* 36; *Dollner, Potter & Co., vs. Williams,* 29 *Ga. R.,* 743 His testimony was to contradict the writing, and therefore illegal. Code of Georgia, secs. 3709, 3847, 3756. Russell should have objected before judgment. Code of Georgia, secs. 3882, 3903. *Knowles vs. Lawton,* 18 *Ga. R.,* 476. 1 Gr. on Ev., 523, 536. This antedating is not such accident or mistake as equity will correct. Adams' Eq., 169, *et seq.; Collier vs. Lanier,* 1 *Kelly,* (*Ga. R.,*) 238. 1 Story's Eq. Juris., secs. 105, 106, 108, 141, 146, 147, 149, 155, 157. *Ligon vs. Rogers,* 12 *Ga. R.,* 287. As to delivery of a deed, 11 Black. Com., 304, 312, 313, 314, 343, Bouv. L. Dic.. "Date." Our Code makes the date control the lien, secs. 1946, 2663, 1944, 1943. If wrong in this, then the Judge was right. Code, sec. 1856.

McCAY, J.

The true date of every paper is the time of its delivery, and this may, even as between the parties themselves, be shown, although a different date be upon the paper. 4 Philips Ev., Cowen and Hill's notes, part 2d, 588, and cases

cited. Much more is this true, when the real facts of a transaction are sought to be proven by one who is not a party to the paper, but who resists it. The rule that a writing cannot be altered or explained by a parol, only applies against the parties to it, or privies. A stranger, to whom it has become important to show the truth of a transaction between others, is not bound by what *they* may have agreed upon as to its truth. He has never agreed to the writing. 1 Greenleaf's Ev., sec. 277; 2 Starke's Ev., 575. So too he is not bound by the judgment of foreclosure. He was no party to it and was not heard. 1 *Kelly*, 412, 6 *Ga. R.*, 178.

The real point in this case is, whether the fact that Russell's deed was delivered a couple of hours sooner than Carr's, though on the same day, gives it priority. The general rule is, that the law makes no fractions of a day. 15 Ves., 257; 9 East., 154; 4 T. R., 660. It has even been held that the service of a copy writ, before the original was filed in office, if it was filed on the day of the service, was good.

It is true that this rule, being in fact a fiction, will not be adhered to when it would work injustice. 3 Burr, 1434; Gr. E., 154.

We do not think this is such a case. These parties were both creditors of the mortgagor. Morally, they had equal claims upon him. Evidently it was not his intent to give the preference to either. It was only by a sort of accident that Russell's was first signed. The mortgagor was, in fact, waiting for Carr's to be prepared when he was called out by Russell. We see, therefore, no injustice in putting them on an equality.

The man who gets a secret lien upon the property of another, who still retains the possession, has no natural right or equity against third persons. Some positive law must give him preference, or equity, which is equality, will put others who, without notice, though subsequently, also get a lien, on an equal footing with him.

The rights of mortgagees, as against each other, are regulated by statute. The common law only gave rights when the *possession* passed or there was notice. The registry

laws and other positive legislation provide for preferences and priorities between liens when there is no transfer of possession.

Clearly, under our registry laws, either of these mortgagees would, for purposes of registry and fixing his lien, have a right to consider his mortgage as executed in the first minute or last minute of the day of its date. He had three months from its date in which to record it, and he might delay till the last minute of the last day.

We think, moreover, that section 1956 of the Code controls this case. That section provides that if there be several mortgagés of *equal date,* or embraced in the same mortgage, and one forecloses, the Court will control the proceeds of the sale to *distribute* to the several mortgagees according to their claims. Code, sec. 1956.

Here are clearly two cases put, *one* of several mortgages in the *same instrument,* and therefore simultaneous, the other of several mortgages of *equal date* which cannot possibly be simultaneous in fact, as one must necessarily be executed before the other; yet it is provided that if one forecloses, the Court will control the proceeds of the sale to *distribute* to the several mortgagees according to their claims. It is hardly conceivable that such language should have been used if it had been the intent to allow mortgages executed on the same day, to have priority as to each other, if proven to be older in point of fact.

Nor does section 1982, providing that when liens are declared to be of the same dignity, then the oldest shall have preference, affect the question.

That section does not apply to mortgages; the priorities between them are regulated by notice and by the registry laws, and though of equal dignity, it often occurs that the *oldest* does *not* have the preference.

That section 1982 evidently applies to the liens provided for in the article in the Code in which it is found. Some of those liens are declared by the Code to be of the highest dignity, and as to others nothing is said of their dignity. The liens alluded to are all liens growing out of the peculiar

relations of the parties to each other and to the property, as attorneys and clients, steamboat owners and hands, mechanics and their workmen, landlords and tenants, factors who furnish material to make the crop, etc. In all such cases there is an actual equity in favor of the first, as he either has possession, or it may easily be found out that he has put his labor or material on the thing. Mortgages stand on a different footing; they are secret liens, and they have no natural, equitable preference over each other without notice, and their priority is therefore regulated by law.

We think section 1956 of the Code puts all of *equal date* on the same footing, unless there is some other equity to control the distribution of the proceeds.

Judgment affirmed.

BROWN, C. J., concurring, wrote out no opinion.

WARNER, J. dissenting.

The question involved in this case is, whether two mortgages, executed on the same day, though not at the same time of that day, shall share equally, or *pro rata*, in the distribution of the proceeds of the sale of the mortgaged property, or whether the mortgage *first* executed and *delivered* on the same day, has the *prior lien* upon the mortgaged property. Bean's mortgage was executed and delivered about two hours before the mortgage to Carr was executed and delivered by Johnson, the mortgagor. The 1956th section of the Code declares: "If there be several mortgages of equal date, and one forecloses, the Court will control the proceeds of the sale to distribute to the several mortgagees according to *their claims.*" Here Russell, the assignee of Bean, *claims*, that his mortgage was *prior* in point of *time*, and therefore, has *priority of right* to the proceeds of the mortgaged property. In my judgment, he has such *priority of right.* The 1982d section of the Code declares: "Where different persons hold a lien on the same property, and both declared to be of the same *dignity*, then, the *oldest lien* shall have the preference." If Bean's mortgage had been exe-

cuted and delivered on the 23d of April, 1867, and Carr's mortgage had been executed and delivered on the 24th, then, it is conceded, that Bean's mortgage would have been *prior* in point of *time.* The principle is, that the *oldest lien* shall have the preference. Why should not that principle control and be applicable to the *oldest lien* created on the *same day*, as well as to liens created on *different days?* See Brown vs. Hartford Insurance Company, 3d Day's Cases, 65; Halbird vs. Burr, 17th Conn. Rep., 559, 560; Combe vs. Pitt, 3d Burrow's Rep., 1434. The Code, it is true, declares, that if the mortgages are of *equal date*, the Court will control the proceeds of the sale to distribute to the several mortgagees, not according to *the date* of their respective mortgages, but according to *their claims*, and Russell, the assignee of Bean, the mortgagee in this case, *claims*, and has, in point of fact, the *oldest lien*, and is entitled to. have the preference; therefore I dissent from the judgment of the Court.