WILLIAM T. MORGAN, plaintiff in error, *vs.* BENJAMIN BAILEY, defendant in error.

Where a farmer, a part of whose ordinary business was the purchase and cultivation of land, bought a tract of land on Saturday, and agreed to consummate the trade on the next day by signing the necessary papers, and did sign a note for the purchase money on that day (Sunday):

*Held,* that the contract was illegal, and, in a suit on the note, the courts will not assist in its collection.

Contracts. Promisory notes. Sabbath. Before Judge HALL. Baker Superior Court. November Term, 1876.

Reported in the decision.

D. A. VASON; R. N. ELY; P. J. STROZER, for plaintiff in error.

43

L. P. D. WARREN, for defendant.

. WARNER, Chief Justice.

This was an action founded on an attachment issued for the purchase money alleged to be due for a tract of land, under the provisions of the 3293d section of the Code. The note, which was the evidence of the defendant's indebtedness, as set forth in the plaintiff's declaration founded upon the attachment, was in the following words : " On or by the first day of December, 1868, I promise to pay Benjamin Bailey, or bearer, nine bales of good, merchantable cotton, each weighing five hundred pounds, and of a fair average of my crop raised during the present year, for value received. January 11, 1868. Signed, W. T. Morgan." There were several credits on the note, one bearing date the day the note was made, of a five hundred pound bale of cotton.

The defendant appeared and filed his plea to the plaintiff's declaration, in which he alleged, amongst other things, that the above described note was executed on the Sabbath day, and was therefore void. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiff for $503.00 besides interest. The defendant made a motion for a new trial, which was overruled, and the defendant excepted.

The controlling question in this case is, whether the note sued on was made on Sunday, and if so, whether it was illegal under the provisions of the 4579th section of the Code ? That section declares that " any tradesman, artificer, workman or laborer, or any other person whatever, who shall pursue their business, or work of their ordinary callings upon the Lord's day (works of necessity or charity only excepted), shall be guilty of a misdemeanor, and on conviction, shall be punished as prescribed in section 4310 of this Code.

It appears from the evidence in the record, that the note was given to the plaintiff for the purchase of a lot of land,

and that it was made on Sunday; that the agreement for the sale of the land was made on Saturday, the defendant then being on the land working it when the trade was made; that the defendant was unwilling to leave his work to execute the papers on Saturday, and it was agreed between the parties that the papers should be signed on the next day, Sunday, which was done. It also appears from the evidence, that after the note was made on Sunday, it was credited on that same day with a five hundred pound bale of cotton, but whether the bale of cotton was delivered on that day or not there is no evidence. The defendant was a farmer, and it was a part of his ordinary business and calling to purchase land and pay for it in order that he might pursue his ordinary business and calling as a farmer, but he was unwilling to lose the time from his work on Saturday, and therefore he and the plaintiff agreed to complete the trade on Sunday, which was done.

The facts of this case, as disclosed in the record, bring it within the words and the true intent and meaning of the statute, and the note was, therefore, illegal. Inasmuch as the plaintiff was a party to the illegal agreement that the note should be made on Sunday, the courts will not aid either party to enforce its collection, but leave the parties where it finds them. This case comes within the ruling of this court in *Ellis vs. Hammond,* 57 *Ga. Rep.,* 179.

Let the judgment of the court below be reversed.