## DOROUGH *v.* EQUITABLE MORTGAGE COMPANY.

1. Courts will take judicial cognizance of the computation of time, and the coincidence of the days of the week with days of the month.
2. Under the law of this State a contract executed on Sunday is not for that reason illegal, unless made in the prosecution of the ordinary business or calling of the party who assumes the obligation.
3. Under the operation of this rule, a deed of gift is valid though executed on Sunday.

Argued April 30, — Decided June 2, 1903.

Levy and claim. Before Judge Felton. Crawford superior court. October term, 1902.

*M. G. Bayne*, for plaintiff in error. *W. R. Hammond*, contra.

COBB, J. This was a claim case, the only assignment of error made in the bill of exceptions being upon the admission in evidence of a deed, dated September 14th, 1884, based upon a consideration of natural love and affection, to the tract of land in dispute; the ad-

mission of the deed being objected to on the ground that it appeared on its face to have been executed on Sunday, and was therefore void.

1. It is too well settled now to admit of discussion, that courts will take judicial cognizance of the computation of time and the coincidence of days of the week with days of the month. *Werner* v. *State*, 51 *Ga.* 426; 1 Gr. Ev. (16th ed.) 10, and numerous cases cited in note 17; McKelvey, Ev. 31; 20 Am. Dig. (Cent. ed.) col. 56, § 21. The court knows judicially, therefore, that the 14th day of September, 1884, the day upon which this deed purports to have been executed, was Sunday; and the presumption is that the deed was delivered on the day it was executed. *Margan* v. *Burrow* (Miss.), 16 So. 432.

2. Is the deed void for this reason? There is no statute in Georgia expressly rendering invalid any contract solely because it is executed on Sunday. Penal Code, § 422, is as follows: "Any person who shall pursue his business, or the work of his ordinary calling, on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor." Substantially the same provision has been the law of Georgia since the passage of the act of 1762. The effect of this statute is to declare illegal, as being contrary to public policy, all contracts made on Sunday which are executed in the work of one's ordinary calling or in the pursuit of his ordinary business. In *Sanders* v. *Johnson*, 29 *Ga.* 526, the validity of a note was called in question on the ground that it was executed on Sunday; and the ruling was that "if the note was given otherwise than in the exercise of 'any worldly labor, business, or work of the ordinary callings' of the parties to it, the note, though made on Sunday, was not within the act of 1762 (Cobb, 853), and therefore was not rendered void by that act." In *Hayden* v. *Mitchell*, 103 *Ga.* 431, after an elaborate consideration of the English authorities as well as the previous decisions of this court, the ruling made in *Sanders* v. *Johnson*, supra, was, upon a review thereof, reaffirmed. The ruling made in the *Hayden* case was as follows: "The validity of a contract executed on Sunday is to be determined alone by the statute law in force at the time of the execution of the contract, and when the statute governing the question declares that 'no tradesman, artificer, workman, laborer, or other person whatsoever, shall do or exercise any worldly labor, business, or work of their ordinary callings, upon the Lord's day (works of charity and necessity excepted),' only

those contracts which may be properly included as coming within the ordinary callings of the parties thereto are affected by the inhibition of the statute." Applying this rule, it was held that a contract of marriage settlement could not be treated as falling within the " ordinary callings " of the parties thereto. The opinion of Mr. Justice Little in that case was concurred in by all the Justices, and the principle there announced must be regarded as the settled rule on the subject. The case on its facts is not in principle distinguishable from the one now under review. See also *Adams* v. *Candler*, 114 *Ga.* 151, where a bond executed on Sunday, conditioned for the appearance of the principal therein to answer a bill of indictment, was held valid. Even if the giving away of one's property might not properly be classified as a work of charity, a deed of gift certainly can not be regarded as a contract made in the work of the " ordinary calling" of the grantor, or in the pursuit of his " business." It would indeed be singular if one should make it his ordinary business to give away his property, and we are not advised that any citizen of Georgia is engaged in such a business. Many there are who constantly " go about doing good," but we have heard of none in this section of the country who add to this laudable practice the habitual giving away of their substance, at least to the extent of pursuing it as their ordinary vocation or business. If it could be possible that a person might make the giving away of his property his ordinary business, within the prohibition contained in the section of the code, the mere fact, without more, that a contract having this for its object was executed on Sunday would not make it invalid. The burden would be upon the party attacking the contract to show that it was as matter of fact made in the prosecution of the ordinary business of the party who made it. The contract made in *Morgan* v. *Bailey*, 59 *Ga.* 683, was upon a valuable consideration, and by one who made it his ordinary business to buy and cultivate land.

*Judgment affirmed. By five Justices.*