### 3065.   THOMPSON *v.* WILKINSON.

1. Where suit is brought upon a promissory note, and a plea of non est factum is filed, it is not proper to admit the note in evidence until prima facie proof of execution has been made. If there be a subscribing witness, he should be called or accounted for. If the inaccessibility of the subscribing witness is shown, or if, when he is called, he fails to remember the signing of the note, or if he testifies that the alleged maker did not execute it, the party offering the note may then proceed to other proof to show that it was in fact executed. In the present instance the magistrate erred in admitting the note without proof of execution; but as the subscribing witness was subsequently called and testified as to the execution of the note, and as there was further proof as to its execution, this error was rendered harmless.

2. A contract relating to a person's ordinary business is void, if executed on Sunday.

3. A married woman can not make any contract of guaranty or suretyship, or make a valid promise to pay her husband's debt. The form in which it is attempted to make her liable for the debt is immaterial.

4. It is competent to show that a person who signed a paper, apparently as a maker, signed only as a witness.

Decided June 7, 1911.

Certiorari; from Dade superior court—Judge Fite.   September 23, 1910.

*Foust, Payne & Tatum,* for plaintiff in error.

*B. T. Brock, W. U. Jacoway,* contra.

Powell, J.   1.   Wilkinson brought suit upon a promissory note signed as follows:

his<br>
"Meredith X Thompson.<br>
mark<br>
her<br>
"Nancy X Thompson.<br>
mark<br>
"Hugh A. Price.

"Witness:   Zona Thompson."

Mrs. Nancy Thompson filed a plea of non est factum, and by amendment further pleaded that, though her name appeared on the note as a maker, she could neither read nor write, and signed merely as a witness; also that the note was executed on Sunday; also that the note was executed for a pre-existing debt of her husband. The note was tendered in evidence without proof of execution. The defendant objected. The objection was overruled. Primarily speaking, this was error (as the plea of non est factum put

the plaintiff to proof of the execution of the note) ; but it was rendered harmless by reason of the fact that the subscribing witness subsequently testified that Mrs. Thompson signed it, though as a witness and not as a maker; and then Price was called and testified that Mrs. Thompson signed as a maker and not as a witness, and that he himself signed as a surety. It was undisputed that the note was signed on Sunday. The plaintiff testified that he had sold Mr. Thompson a horse, and that Mr. Thompson had agreed to give him a note, signed by himself, his wife, and by Price in payment therefor. Thompson and Mrs. Thompson both swore that she had nothing to do with buying the horse and had no interest in it, and this testimony was undisputed. Mrs. Thompson also testified that she signed only as a witness and had no intention of becoming liable on the note. Another person, who was present when the note was signed, testified that he never heard anything said about Mrs. Thompson's signing as a witness, but that he understood that she was signing as one of the makers of the note. The jury found against all the defendants, and Mrs. Thompson brought certiorari to the superior court. It was overruled, and to this judgment she excepts.

The exception which relates to the admission of the note without proof of execution has been covered by what has been said above, and the error assigned as to this we hold to be harmless error.

2-4. While the testimony is conflicting in many respects, still it is not conflicting as to the material points. Of course, it was proper for Mrs. Thompson to prove that she signed the note as a witness, and not as a maker. As to this evidence was in conflict, and we may eliminate that from the discussion. Her connection with the transaction, so far as the evidence discloses, began and ended on the Sunday on which this note was executed. Even if she had had the capacity to agree to become a maker on the note, so as to assume her husband's debt, the fact that she did so on Sunday would have rendered the note void. But, beyond this, the fact is plain and undisputed that her husband bought the horse and that she did not. Under the law of this State a married woman can not make any contract of guaranty or suretyship, and can not lawfully promise to pay her husband's debt. The form in which the transaction takes place is immaterial. If the debt was her husband's, she could not become a party to it, no matter how

she signed the note, whether as principal, surety, guarantor, or as witness. If no one else but herself had signed the note, she would not have been bound on it, as the debt was her husband's, and not hers, and the law forbids her from making it hers.

*Judgment reversed.*