21661. COOK *et al. v.* BLAIN.

DECIDED FEBRUARY 12, 1932.

692

*Clarence T. Guyton, Hugh R. Tarver Jr., J. W. Usher,* for plaintiffs in error.

*Charles E. Donnelly, F. H. Shearouse,* contra.

JENKINS, P. J. (After stating the foregoing facts.)

"A contract executed on Sunday, and which is connected with or relates to the business or work of the ordinary calling of one of the parties to the contract, and does not relate to work of necessity

or charity, is invalid and can not be enforced. Penal Code (1910) § 416; *Thompson* v. *Wilkinson,* 9 *Ga. App.* 367 (71 S. E. 678); *McAuliffe* v. *Vaughan,* 135 *Ga.* 852 (70 S. E. 322, 33 L. R. A. (N. S.) 255)." *Williams* v. *Allison,* 10 *Ga. App.* 840 (74 S. E. 442).

Since there was no proof in the instant case going to show a subsequent ratification of the contract which was made on Sunday, the only question which would seem to be involved is whether the agreement related to the business or work of the ordinary calling of either of the parties to the contract. Counsel for the defendant in error insist that the work of the plaintiff's ordinary calling was not that of selling real estate for commission, and that therefore the agreement made on Sunday was not illegal, and cite *Dorough* v. *Equitable Mortgage Co.,* 118 *Ga.* 178 (2) (45 S. E. 22), wherein it was held that "under the law of this State a contract executed on Sunday is not for that reason illegal, unless made in the prosecution of the ordinary business or calling of the party who assumes the obligation." Aside from the question of whether the plaintiff was engaged in the work of his ordinary calling, it seems clear that under the decision of the Supreme Court in *McAuliffe* v. *Vaughan,* supra, the seller, Cook, at least, was engaged in the work of his ordinary calling when he listed his turpentine leases and property with the plaintiff for sale. In the *McAuliffe* case, it was held: "Where a person who had been conducting and publishing a newspaper made a contract to sell the property, business and good will to another person, who was in the employment of the publisher of a different newspaper, such a contract was not freed from the invalidity arising from having been made on Sunday, on the ground that selling and buying newspapers was not the ordinary business of either party." In the opinion in that case the court quotes from *Morgan* v. *Bailey,* 59 *Ga.* 683, as follows: "'Where a farmer, a part of whose ordinary business was the purchase and cultivation of land, bought a tract of land on Saturday, and agreed to consummate the trade on the next day by signing the necessary papers, and did sign a note for the purchase-money on that day (Sunday),' it was held, 'that the contract was illegal, and, in a suit on the note, the courts would not assist in its collection.' Thus buying land in bulk for farming purposes was considered to be so connected with the business of farming that such a contract made on Sunday was illegal. It would be a very narrow verbal construction to hold

that if one merchant contracted to buy out the stock of another on Sunday for the purpose of continuing the mercantile business, he could say that the contract was not invalid because his business or ordinary calling was to sell at retail, and not to buy entire stocks of goods; or to rule that a manufacturer might proceed on Sunday with the erection of a building to be used in connection with his business, on the ground that manufacturing, not building, was his ordinary business." Likewise it would seem to be a very narrow construction to say that the defendants, whose business was the production of turpentine, departed from the work of their ordinary calling when they listed with an agent for sale their entire business and lease holdings. Under the ruling in the *McAuliffe* case, it must be held that as to Cook, at least, the contract executed on Sunday was so connected with and related to his business or the work of his ordinary calling as to render it invalid and unenforceable.

3. It is argued in the brief of counsel for the defendant in error that the defendant did not plead as a defense the illegality of the contract sued on as having been made on Sunday; that no such contention was made during the trial, and that no such question was raised by the motion for a new trial, as considered by the trial judge, although it appears, without dispute, that the contract was in fact thus entered into. It appearing by the record, without dispute, that the contract sued on was illegal, as being entered into in violation of the express provisions of law, no final judgment should be permitted to be entered thereon, but the parties should be left where the courts found them. The question is different from that arising in that character of cases where a defendant is entitled to make a personal defense, such as minority or the statute of limitations. In cases of that character the courts will enforce the contract, even though such defense appear from the evidence, unless the defendant sees proper to avail himself of the personal defense to which by law he is entitled. The question here involved appears to have been settled by this court in *Horsley* v. *Woodley*, 12 *Ga. App.* 456 (78 S. E. 260).

*Judgment reversed. Stephens and Bell, JJ., concur.*