## WIGGINS v. FIRST MUTUAL BUILDING & LOAN ASSOCIATION.

BELL, J. 1. "Where a debtor by deed conveyed real property, and included in the conveyance a statement that the grantee agreed to pay a certain debt which the grantor owed, and the grantee received such deed and the property conveyed thereby, the holder of the note evidencing the described debt of the grantor, upon the debt becoming due and remaining unpaid, could maintain an equitable proceeding against the last named grantee, to enforce the payment of such debt." *Smith* v. *Kingsley,* 178 *Ga.* 681 (173 S. E. 702). See also *National Mortgage Co.* v. *Bullard,* 178 *Ga.* 451 (173 S. E. 401), and cit.

2. The original debt was evidenced by 100 promissory notes for $30 each, payable to First Mutual Building & Loan Association, the plaintiff in the present suit. The deed relied on by the plaintiff as containing the assumption agreement recited that it was "made subject to a loan deed to First Mutual Building & Loan Association, securing $3000, which is assumed by the grantee." The plaintiff alleged in effect that by this agreement and stipulation the defendant grantee assumed the debt represented by the notes sued on. The petition was not subject to general demurrer on the ground that the debt assumed did not appear to be the same as that covered by the notes on which the plaintiff sued. *Emerson* v. *Knight,* 130 *Ga.* 100.(60 S. E. 255); *Valdosta Machinery Co.* v. *Finley,* 164 *Ga.* 706 (2) (139 S. E. 337); *Farrar Lumber Co.* v. *Brindle,* 170 *Ga.* 37 (4) (151 S. E. 923).

3. By the original petition it appeared that the deed containing the assumption agreement was dated November 12, whereas the notes were dated November 17 of the same year. By an amendment the plaintiff alleged that the deed was actually made on the same day as the notes, but subsequently to their execution. The court did not err in allowing this amendment over objections (1) that it sought to vary the terms of the deed as a written instrument; (2) that it was an attempt to reform a deed (a) to which the plaintiff was not a party, and (b) without proper parties before the court; and (3) that it was an effort to change the cause of action. Compare *Russell* v. *Carr,* 38 *Ga.* 459; *Kiser* v.

*Carrollton Dry Goods Co.*, 96 *Ga.* 760 (22 S. E. 303); *Mutual Fertilizer Co.* v. *Henderson*, 18 *Ga. App.* 495 (89 S. E. 602); *Waynesboro Planing Mill* v. *Perkins Mfg. Co.*, 35 *Ga. App.* 767 (5) (134 S. E. 831).

4. The amended petition stated a cause of action against the alleged assumer, and the court did not err in overruling the general demurrer filed by that defendant.    *Judgment affirmed. All the Justices concur.*

No. 10139.    October 11, 1934.

*Robert T. Efurd* and *Mose S. Hayes,* for plaintiff in error.
*Jones, Fuller, Russell & Clapp* and *J. D. McLamb,* contra.