37040. BROWNE *v.* SNIPES.

Decided February 12, 1958.

150

*William G. Grant, Robert W. Spears, James C. Grizzard,* for plaintiff in error.

*E. B. Cartledge, Jr., John G. Cozart,* contra.

GARDNER, Presiding Judge.   The alleged contract is very lengthy and involved.   We see no necessity in going into but one phase of the case.   It clearly appears from the petition that the plaintiff was engaged in the business and work and ordinary calling of a licensed real-estate salesman, or broker.   It appears also that the contract in question was executed, signed and delivered on October 16, 1955.   October 16, 1955, fell on Sunday, a Sabbath day.   Code § 26-6905 provides: "Any person who shall pursue his business or the work of his ordinary calling on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor."   In this connection Code § 38-112 provides that courts may take judicial cognizance of matters of public knowledge.   Matters of public knowledge include knowledge of dates which fall on the Sabbath.   It is thus inescapable that the contract having been executed on the Sabbath day is void and without any force or effect whatsoever.   In *Williams* v. *Allison,* 10 *Ga. App.* 840 (74 S. E. 442) this court said: "1. The courts will take judicial cognizance of the computation of time, and of what days of the month are Sundays.   *Dorough* v. *Equitable Mortgage Co.,* 118 *Ga.* 178 (45 S. E. 22).   2. A contract executed on Sunday, and which is connected with or relates to the business or work of the ordinary calling of one of the parties to the contract, and does not relate to work of necessity or charity, is invalid and can not be enforced.   Penal Code (1910), § 416; *Thompson* v. *Williams,* 9 *Ga. App.* 367 (71 S. E. 678) ; *McAuliffe* v. *Vaughan,* 135 *Ga.* 852 (70 S. E. 322, 33 L. R. A. (NS) 255).   3. A contract made by the owner of real estate and personal property with a real-estate agent, placing the property in the hands of the agent to be sold, and fixing the commission to be

paid to him and the terms of the sale, is a contract in connection with the ordinary calling or business of the real-estate agent, and, if executed on the Sabbath day, can not be enforced by the agent, although the contract may not have been made in the prosecution of the ordinary business or calling of the owner of the property. If the contract is executed in the prosecution of the ordinary business of either party thereto, and is executed on Sunday, it is invalid." See also *Dorough* v. *Equitable Mortgage Co.* 118 *Ga.* 178 (45 S. E. 22); *McAuliffe* v. *Vaughan,* 135 *Ga.* 852 (70 S. E. 322); *Jones* v. *Belle Isle,* 13 *Ga. App.* 437 (79 S. E. 357), and *Cook* v. *Blain,* 44 *Ga. App.* 691 (162 S. E. 658).

This contract having been void from its inception makes it unnecessary to discuss any other point embraced in the pleadings.

The court did not err in sustaining the general demurrers to the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*