38724.   SEWELL *et al.* v. GOULD.

Decided April 4, 1961.

*Freeman D. Mitchell,* for plaintiffs in error.
*Samuel L. Eplan,* contra.

FELTON, Chief Judge. Harry Gould sued Mary Louise Sewell and S. J. Sewell to recover penalties because of an alleged breach of a home improvement contract, alleged to have been executed on April 5, 1959. Attached to the petition was an alleged copy of the contract referred to in the petition which shows that it was executed by the defendants and the plaintiff on April 5, 1959. The plaintiff amended the petition by changing the date "April 5, 1959," as it appeared in the first line of paragraph 2 of the petition, to read "April 4, 1959"; and further amended the petition by changing the date of "April 5, 1959" to "April 4, 1959" wherever the former date appeared in the petition. The date on the copy of the contract attached to the petition was not amended and the date thereon remained April 5, 1959. The defendants made a motion to dismiss the action in the nature of a general demurrer on the ground that the petition showed on the face of the contract, a copy of which was attached to the petition, that the contract was void and unenforceable because it was dated on "a Sunday." A contract, such as the one sued on, dated on Sunday, is unenforceable. *Code* §§ 26-6905, 38-112; *Browne v. Snipes*, 97 Ga. App. 149 (102 S. E. 2d 634). If the amendment had sought to correct the date of the contract involved by showing that the copy attached to the petition bore an incorrect date because of a typographical error, our conclusion would be different. So long as the date of the contract sued on is April 5, 1959, the only recourse the plaintiff would have to correct a mistake in the date, if there actually was one, would be to reform the contract in equity.

The court erred in overruling the motion to dismiss the action, and all further proceedings were nugatory.

*Judgment reversed. Nichols and Bell, JJ., concur.*