42945.   MATTHEWS v. TUCKER REAL ESTATE
COMPANY, INC. et al.

ARGUED JULY 6, 1967—DECIDED JULY 11, 1967—
REHEARING DENIED JULY 21, 1967—

*Jack V. Dorsey*, for appellant.

*Harrison, Martin & Childs, John S. Harrison, J. Ed Segraves*, for appellees.

EBERHARDT, Judge. ■ It is contended that the general de-murrer was improperly overruled because of a faulty description of the land in the listing contract, and in the option contract. While the description in the agency listing is defective, being "137 acres in Gwinnett County, Georgia," that contained in the option contract which Matthews signed to Williams is not. It describes the property as being "137 acres of Lot 43 of the 5th District of Gwinnett County, Georgia," and "further described on a survey and plat by C. R. Parrish, Jr., Registered Surveyor, dated January 6, 1955, which is hereby incorporated into and made a part of this contract and the legal description of the property to be conveyed. Copy of said plat being attached hereto."

Although the original listing agreement had expired, plain-tiffs testified that Matthews asked them to continue their efforts to find a purchaser, and the option was secured by them. It is alleged that although they had interested Mr. Williams in the purchase of the property, Matthews simply awaited the ex-piration of the option agreement, effected a sale for a slightly lower figure to the same person and on substantially the same terms, by-passing the agents and paying no commission. In

so doing he received a greater consideration than he would have received by a payment of the commission. The general demurrer was properly overruled.

■ There was no error in admitting the check from Williams for $100 which he left with the sales agents as a consideration for the option contract from Matthews. Having signed the option contract for delivery to Williams, it is immaterial that he did not thereafter take or use the check.

■ Although there are several enumerations of error as to portions of the charge to the jury, there is no reference in the brief as to any portion of the record disclosing that the objections were made prior to verdict, or, if so, what the objections may have been. Since on appeal one is confined to the objections then made, if they were made, no question is raised for our consideration by these enumerations. *Haskins v. Carson*, 115 Ga. App. 336 (2) (154 SE2d 626); *Palmer v. Stevens*, 115 Ga. App. 398 (14) (154 SE2d 803).

■ The factual questions as to whether plaintiffs, as defendant's agent, were the efficient procuring cause of the sale which he made of the farm were for resolution by the jury. Overruling of the general grounds of the motion for new trial and of the motion for judgment notwithstanding the verdict was proper. *Gresham v. Connally*, 114 Ga. 906 (41 SE 42); *Washington v. Jordan*, 28 Ga. App. 18 (109 SE 923). The special grounds of the motion for new trial are disposed of by our rulings in Divisions 1 and 2.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*