## 43227. SPRAYBERRY v. WRIGHT.

Argued November 7, 1967—Decided November 14, 1967— Rehearing denied December 1, 1967—

Sams & Sams, Marion A. Sams, for appellant.

Schwall & Hewett, Emory A. Schwall, for appellee.

EBERHARDT, Judge. ■ ■ Since June 19, 1966, fell on a Sunday, the contract of sale, which must form the basis of Wright's claim for a commission, was prima facie void and unenforceable (*Morgan v. Bailey*, 59 Ga. 683; *McAuliffe v. Vaughan*, 135 Ga. 852 (1) (70 SE 322, 33 LRA (NS) 255, AC 1912A 290); *Thompson v. Wilkinson*, 9 Ga. App. 367 (71 SE 678); *Williams v. Allison*, 10 Ga. App. 840 (74 SE 442); *Browne v. Snipes*, 97 Ga. App. 149 (102 SE2d 634); *Sewell v. Gould*, 103 Ga. App. 456 (119 SE2d 598)), as a result of which the broker could have no enforceable claim for commissions alleged to be due from his procuring of the contract. *Brown v. White*, 73 Ga. App. 524 (37 SE2d 213); *Morgan v. Hemphill*, 98 Ga. App. 732 (106 SE2d 865); *Ragsdale v. Smith*, 110 Ga. App. 485 (138 SE2d 916).

■ However, in order to meet the general demurrer plaintiff amended, alleging that "On or about June 19, 1966, petitioner transmitted to defendant an offer by said LeCraw to purchase said cafeteria, and *within two or three days thereafter,*

following much discussion and negotiation, defendant signed a sales contract to sell said cafeteria to said LeCraw for a purchase price of $65,000"—being the same contract which was dated June 19, 1966, and copy of which is attached to the petition as an exhibit. In *Irwin v. Dailey,* 216 Ga. 630, 633 (118 SE2d 827) it was held that "The true date an instrument becomes effective may be shown to differ from the date shown in the instrument itself. *Russell v. Carr & Co.,* 38 Ga. 459 (1); *Waynesboro Planing Mill v. Perkins Mfg. Co.,* 35 Ga. App. 767 (134 SE 831); *Mutual Fertilizer Co. v. Henderson,* 18 Ga. App. 495 (89 SE 602); *Wiggins v. First Mutual Bldg. &c. Assn.,* 179 Ga. 618 (176 SE 636)." And in the same case it was held that this might be pleaded as well as proven. Since the early days of common law it has been held that a contract, though made on Sunday, if not completed on the Sunday, will not be affected by the statute. Bloxsome v. Williams, 3 B. & C. 232; 27 R. R. 337; Smith v. Sparrow, 4 Bing. 84; 29 R. R. 514. Thus, under the allegations of the petition, as amended, the sale contract is not within the proscription of *Code* §§ 26-6905, 38-112.

Appellant also contends that the petition was subject to the general demurrer because it appears from the written listing contract, copy of which is attached as an exhibit to the petition, that Wright's authorization to procure a purchaser had expired and that there was no written extension or change of the date made by Sprayberry. This is without merit. It is alleged that, after Wright had advertised the cafeteria for sale and had exerted much effort in finding a purchaser, Sprayberry withdrew the listing for a while, but that he then asked Wright to renew the listing and agreed that the listing contract originally entered into should be revived and its date changed to May 18, 1966, and continue for a period of 90 days thereafter. There is little difference in the situation here and in *Matthews v. Tucker Real Estate Co.,* 116 Ga. App. 214 (156 SE2d 669), and we find the same principles applicable.

█ The contention that the listing contract is too vague and indefinite for enforcement because the selling price of $65,000 is stated on the face of the contract and is contradicted or made

uncertain by a figure $95,000" on the reverse side of the contract is without merit. This may well be a notation made by the broker concerning the owner's investment in the property, there being another notation that the replacement cost would be $125,000. Nor is the listing agreement too vague and uncertain because it does not include a complete inventory of the cafeteria equipment. It is a listing for sale of the business, which includes all property and equipment at the location indicated. And the contention that liability to the broker for his commission is precluded because the terms included in the listing were not full and complete is without merit since it appears that he did procure a purchaser who was willing, ready and able to purchase on definite and certain terms included in a contract of sale which Sprayberry signed and later disaffirmed. Cf. *Cole v. Cates,* 110 Ga. App. 820 (140 SE2d 36). We find no error in the overruling of the general demurrer.

■ ■ Appellant attacks the contract of sale as being too indefinite for enforcement because "it fails to describe the equipment owned by appellant or where it is located, rendering it impossible to determine the amount and identity," and "fails to describe the lease agreement by omitting the dates, terms, conditions and parties," and "fails to describe the loan or method of paying the balance of the purchase price." These attacks are without merit. The bill of sale describes the property sold as being "the following business or personal property: known as Sprayberry's Cafeteria located at 888 Peachtree St., N. E., Atlanta, Ga., encluding [sic] all equipment owned by the seller, trade-name, good will, etc. plus food inventory." This is sufficient to identify and locate the property sold. *A. S. Thomas Furniture Co. v. T. & C. Furniture Co.,* 120 Ga. 879 (48 SE 333); *Welsh v. Lewis & Son,* 71 Ga. 387; *Brockett v. American Slicing Machine Co.,* 18 Ga. App. 670 (90 SE 366). Ex multitudine signorum, colligitur identitas vera.

■ No mention is made of any loan in the bill of sale; it simply provides: "29 percent of purchase price to be paid by January 31, 1967 ($12,000 cash at time of closing on or before August 1, 1966—balance of 29 percent ($8,850) to be paid on or before January 31, 1967), balance of purchase price to be

paid in 9 years in 108 equal monthly payments bearing interest at 5 percent on unpaid balance—note or notes to be dated February 1, 1967." This is sufficiently definite as to the terms of payment to make an enforceable contract.

■ Included in the bill of sale as a "Special Stipulation" is the provision, the "lease to be transferred from seller to purchaser." This might have been made more definite than it is, but taken in connection with the sale of the business located at 888 Peachtree, N. E., it is not difficult to conclude that it means the lease from the owner of the property under which the seller was then in possession—regardless of the term for which it was to run or the rental required to be paid, and is a sufficient description in this context just as would be the description of a "bay mare sold by the plaintiff to Johnston." *Nichols v. Hampton,* 46 Ga. 253. Further, it was not contemplated that the lease be transferred by the recitals of the bill of sale; that would follow by a formal and proper transfer of the lease itself.

■ Headnote 3 needs no elaboration.

■ Defendant filed a special plea, urging that Count 1 and Count 2 of the petition were between the same parties, upon the same contract and for the same cause of action, covering the same subject matter. The plea was overruled, and we find no error. The first count was squarely upon the listing contract to pay 10 percent for the broker's services. The second count sought 10 percent of the sale price as "the reasonable value of the services furnished by petitioner to defendant, [and] is the value customarily received in petitioner's trade by brokers of like calibre and ability for the same or similar type services as those rendered by petitioner."

The reason for adding the second count appears from the position which defendant takes concerning the listing contract upon which the first count is based—that it had expired. If the jury should so find plaintiff would nevertheless, under these facts, be entitled to recover on quantum meruit for the reasonable value of his services. *Matthews v. Tucker Real Estate Co.,* 116 Ga. App. 214, supra.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*