45084.   GEORGIA CASUALTY & SURETY
COMPANY v. ALMON.

Submitted February 2, 1970—Decided June 15, 1970.

*Tisinger & Tisinger, David H. Tisinger,* for appellant.
*Gilbert & Head, Aubrey W. Gilbert,* for appellee.

QUILLIAN, Judge. The defendant contends that the summary judgment should have been granted because the evidence demands a finding that the insurance policy was not binding in that it was issued subsequent to the date of the collision. This position is without merit.

As a general rule parties may agree that a policy be antedated, in which case it takes effèct on the date so agreed. 43 AmJur2d 386, Insurance, § 327. However, pretermitting a determination as to the efficacy of this rule under the circumstances of this case, we consider whether the defendant established, as a matter of law,

that the policy was issued after the loss occurred. While Price, the defendant's agent, stated in his affidavit that he issued the policy subsequent to the collision, the affidavits offered by the plaintiff recited that Price had told them that the policy was in fact issued prior to the collision. The policy was attached as an exhibit to the petition and the effective dates of coverage shown thereon are from September 20, 1967, to September 20, 1968.

"The true date an instrument becomes effective may be shown to differ from the date shown in the instrument itself." *Irwin v. Dailey,* 216 Ga. 630, 633 (118 SE2d 827), and cases cited; *Pazol v. Citizens Nat. Bank,* 110 Ga. App. 319, 324 (138 SE2d 442); *Sprayberry v. Wright,* 116 Ga. App. 748, 750 (159 SE2d 102). The Georgia cases have evidently not given recognition to the exception expressed in cases from other jurisdictions that: "where the date on an instrument is a vital part thereof, and change of date would change the rights of the parties thereto, parol evidence for that purpose is not admissible." 30 AmJur2d 175, Evidence, § 1039. See cases cited in 32A CJS 447, Evidence, § 963. However, even though the parol proof offered might be admissible, this is not to say that it was conclusive as to the effective date of the policy.

Furthermore, the affidavits offered in opposition to the motion attacked the credibility of the agent's testimony that he re-issued the policy after the accident. Where a question of credibility arises as to a material issue, summary judgment should not be granted. *Capital Auto. Co. v. GMAC,* 119 Ga. App. 186, 192 (166 SE2d 584); *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639 (3) (171 SE2d 782).

Since there is evidenced incomprehension relative to the case of *Ussery v. Koch,* 115 Ga. App. 463 (154 SE2d 879), (even by this court, see *Raven v. Dodd's Auto Sales &c.,* 117 Ga. App. 416 (160 SE2d 633),) we deem it proper to briefly comment thereon and delineate the precise limits of that holding.

The case stands for the simple proposition that the mere fact that a witness may have made ambiguous or contradictory statements as to an immaterial issue would not serve to impeach him. Hence, the rule that uncontradicted proof on a material issue offered by an unimpeached witness is controlling over contrary in-

ferences was there held applicable. The *Ussery* case did not broadly hold or intimate that on motion for summary judgment evidence of a contradictory statement was not admissible to discredit an affiant or that where a witness gives contradictory testimony as to a material issue his credibility is unaffected, or that where a witness is impeached his testimony must be believed. Both for clarification and the edification of the bench and bar, we therefore again expressly limit that decision to the facts contained therein. See *Ussery v. Koch,* 115 Ga. App. 463 (1 b), supra.

There was clearly a question of fact as to vital issue of whether the policy was issued prior or subsequent to the date of the collision, and the trial judge properly denied the motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*