### 47387.   SMITHWICK et al. v. NO. 2 D CURTIS MOCK ASSOCIATES, INC.

QUILLIAN, Judge. Mr. and Mrs. W. H. Smithwick brought a damage suit against No. 2 D Curtis Mock Associates, Inc., d/b/a Elaine Powers Figure Salon in the Dougherty Superior Court. The complaint alleged that plaintiffs were husband and wife; that plaintiff Doris Smithwick enrolled in an exercise class of the defendant and was injured by reason of the negligence of the agents and employees of the defendant who were acting within the

scope of their employment; that as a result she suffered injuries to her left knee. The defendant filed an answer and denied the material allegations of the complaint.

Based upon affidavits and depositions taken, the defendant filed a motion for summary judgment. This motion was sustained by the trial judge and appeal was taken from that judgment.

From the record it appears that the plaintiff Doris Smithwick paid a fee and enrolled in the exercise salon operated by the defendant on the day prior to the accident. She was standing in the back row of the exercise class which at the time was doing "jumping jacks." The plaintiff Doris Smithwick testified that she was struck on the left leg but did not see what struck her. From other proof offered it appeared that a fellow participant in the exercise class, who was placed to the plaintiff's left, struck her while performing the "jumping jack" exercise.

The defendant relied primarily on the proof offered by its employee Saundra K. Clegg. Miss Clegg testified that she was in charge of the exercise class, and that at the time of the accident she was in front of the class, leading the exercises and that no one else was in front of the class. She related in great detail the methods used in spacing and observing the class and the precautions taken with regard to the participants. However, it appears from an affidavit, on behalf of the plaintiff, by one of the exercise participants that Saundra Clegg was not personally leading the exercises at the time the plaintiff was injured and that the exercise class at the time Mrs. Smithwick was kicked was being led by a person other than Saundra Clegg.

It is clear that the proof in the affidavit strikes at the very heart of the defendant's case. For, it challenges Saundra Clegg's testimony as to spacing and the fact that she was observing the class at the time the plaintiff received her injuries. This being true, defendant has failed to eliminate every genuine issue of material fact and the trial judge erred in granting defendant's motion for summary

judgment. See *Capitol Auto. Co. v. GMAC,* 119 Ga. App. 186, 192 (166 SE2d 584); *Ga. Cas. & Sur. Co. v. Almon,* 122 Ga. App. 42, 44 (176 SE2d 205).

*Judgment reversed. Hall, P. J., and Pannell, J., concur.* SUBMITTED SEPTEMBER 8, 1972—DECIDED NOVEMBER 28, 1972— REHEARING DENIED DECEMBER 18, 1972—

*Divine, Busbee & Wilkin, George D. Busbee,* for appellants.

*Landau, Davis & Farkas, Edmund A. Landau, Jr.,* for appellee.