The opinion of the Court was drawn up by
Walton, J.
The defence to the note in suit is, that it was made and delivered on Sunday. The plaintiff contends that the note would not be for that cause absolutely void, and that upon this point the presiding Judge erred in his instructions to the jury.
Perhaps it is not strictly accurate to say that such a note is void; for, if such were the law, an action by an innocent indorsee could not be maintained. Notes made on Sunday are, however, generally spoken of as being void, but nothing more is meant than that such notes are void for the purpose for which they are attempted to be used; void as the foundation of the claims then sought to be established by them. The rule of law, applicable to such contracts, was accurately stated by Maule, J., in Fivaz v. Nichols, (2 M. G. & S., 500,) "The plaintiff cannot recover where, in order to sustain his supposed claim, he must set up an illegal agreement to which he himself has been a party.” The plaintiff is turned out of Court, not because his suit is founded on a contract that is void, but to punish him in part for having violated the law in making it, and because it is beneath the character and dignity of a court of justice to listen to a party who founds his claim upon his own illegal act. Smith v. Bean, 15 N. H., 577. When the presiding *85 Judge spoke of the note in suit as being void, it is not probable that he meant anything more than to say that the illegality, if established, rendered the note void for the purpose for which it was then being used; void as the foundation of the plaintiff’s claim. If more was intended, it was immaterial, as the plaintiff could not have been prejudiced by it. If void for the purpose for which it was then being used, it was of no importance whether it would be so held in a suit between other parties, or for other purposes, or not.
The plaintiff introduced evidence tending to prove a subsequent promise to pay the note, and contends that such a promise would obviate the objection to his right to maintain his suit.
If the note was made in violation of law, and was therefore illegal, a subsequent promise to pay it would not make it any the less illegal. The transaction, illegal at its inception, would not be purged of its illegality by a subsequent promise to perform it. The doctrine of ratification is not applicable to such a case. It is not in the power of the parties to make a contract legal which the law declares to be illegal, or to free themselves from the consequences which the law attaches to such illegality. "A party cannot bo heard to allege his own unlawful act, and, if such act be one of a series of facts necessary to support the plaintiff’s claim, then that claim must fail. * * * Whether a claim connected with an illegal transaction, can be maintained in a court of law, may be determined by the test whether the plaintiff must bring in the illegal transaction to aid him in making out his case.” Gregg v. Wyman, 4 Cush., 326. The plaintiff was obliged to bring in the illegal note to make out his ease, notwithstanding the subsequent promise. The presiding Judge committed no error, therefore, in ruling that the subsequent recognition of the note, or promise to pay it by the defendant, would not help the plaintiff’s ease. The law intended to secure a due regard for the Sabbath is wise and salutary, and those who violate it must understand that they do so at the peril of receiving no aid from the Court to *86 help them' out of difficulties, or to enforce claims growing out of such illegal conduct.

Exceptions overruled. Judgment on the verdict.

Appleton, C. J., Cutting, Davis and Barrows, JJ., concurred.