# J. N. TILLOCK *versus* JOHN WEBB.

The consideration of a note given for an injury done, on the "Lord's day," to a horse and carriage hired on that day for any purpose other than that of "necessity or charity," is unlawful.

Where the contract of hire of a horse and carriage on the "Lord's day" was indefinite as to time, distance and use, the carrying of a young lady home who had been attending a religious meeting during the day, will not render the contract legal.

On EXCEPTIONS to the ruling of GODDARD, J., in the Superior Court.

ASSUMPSIT on a note for $48, given by the defendant to the plaintiff, dated April 13, 1867. Plea, general issue, with brief statement denying any consideration, and also alleging that the consideration was an unlawful one.

The case was tried by the Judge (without the intervention of a jury) whose decision was subject to exceptions in matters of law.

The Judge found, as matter of fact, that the defendant, at Bucksport, at 4½ o'clock on one Sunday afternoon in July, 1865, hired a horse and carriage of the plaintiff, who was a stable keeper, and took from the house where the defendant was living, two young ladies, one of whom had come from church about an hour previous, whither she had walked that day from her home, two or three miles distant; that he drove about one-half a mile beyond her house, and while in the act of turning the horse and carriage for the purpose of going back to leave her at her house, upset and badly injured the buggy, and frightened and more or less thereby injured the horse for stable use; that, after tying together the broken buggy, the defendant undertook to lead the horse back, but the horse got away from him and ran home with the buggy; that the plaintiff had the carriage repaired at an expense of $60; that the defendant paid the plaintiff $30, and gave the note in suit for the balance of damages claimed.

The Judge ruled that the facts disclosed a sufficient consideration for the note and that the consideration was lawful. To which ruling the defendant alleged exceptions.

*Thos. B. Reed*, for the plaintiff, cited *Morton* v. *Gloster*, 46 Maine, 520; *Woodman* v. *Hubbard*, 5 Foster, 67.

*J. O'Donnell*, for the defendant.

APPLETON, C. J.—The defendant hired of the plaintiff and his partner a horse and wagon to ride on Sunday. The hiring was not for any purpose of necessity or charity. Being illegal between the parties, it is not made legal because the hirer did a kind act by conveying a young lady home, who had been " to meeting" during the day. The contract, so far as disclosed, was indefinite as to time, distance and use, and not being for any purpose of necessity or charity, was one which the law will not enforce, nor will it give compensation for its violation. *Way* v. *Foster*, 1 Allen, 408; *Morton* v. *Gloster*, 46 Maine, 520.

If the defendant injured the horse and wagon by his careless or negligent driving, the remedy for the bailors would be against him for breach of his duty as bailee,—that is, for a breach of the duties arising from and under the contract of bailment. But, as that contract was against the provisions of the statute, no action could have been maintained upon it.

The only consideration for the note is the liability of the defendant under a contract prohibited by law. But this cannot be regarded as a legal consideration. The rights of the parties remain as if no note had been given. The original contract being void was not susceptible of ratification. *Day* v. *McAllister*, 15 Gray, 433.

In *Morton* v. *Gloster*, 46 Maine, 520, and in *Woodman* v. *Hubbard*, 5 Foster, 520, the bailee was guilty of a conversion of the property bailed, and was held liable therefor in trover. Not so here. The defendant is not proved to have kept the horse and wagon longer or to have driven

further than he agreed to. He is not shown to have been guilty of any act of conversion.     *Exceptions sustained.*

KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.