## DAVID BLOCK *v.* JOHN McMURRY.

1. SUNDAY CONTRACT.    *Cannot be sued on.*
    If one buy a horse from another on Sunday, the sale is void; but, it being a violation of the public law, the parties are *in pari delicto*, and neither has any remedy against the other on the contract.

2. SAME.    *Parties in pari delicto.*
    The seller of a horse on Sunday cannot recover the animal back from the purchaser, or maintain trover for its value, on the ground that the contract was void and that no title passed.

3. SAME.    *Parties not in pari delicto.*
    If the seller of a horse on Sunday was made drunk by the purchaser thereof, for the purpose of defrauding him, the parties were not *in pari delicto*, and the seller can recover his horse.

ERROR to the Circuit Court of Rankin County.

Hon. A. G. MAYERS, Judge.

The case is stated in the opinion of the court.

*Robert Lowry*, for the plaintiff in error.

1. The result of a Sunday contract is, that the law leaves the parties where it finds them, giving to neither a right to enforce the contract, or to recover back either the money paid or property received. *Hoover* v. *Pierce*, 26 Miss. 627; *Kuntz* v. *Price*, 40 Miss. 341.

2. The attempt to prove that McMurry was drunk was a failure.

*M. Green*, on the same side.

1. There is no evidence to support the theory that McMurry was drunk.

2. *Ex turpi causa non oritur actio.* It is public policy which requires that no relief be granted to either party. Neither can recover back what has passed to the other.

*A. J. McLaurin* and *C. C. Miller*, for the defendant in error.

1. The Sunday contract was void, and no title passed; hence the seller can recover the value of his horse in trover. *Dodson* v. *Harris*, 10 Ala. (N. S.) 566; *Smith* v. *Bean*, 15 N. H. 577; *Adams* v. *Gay*, 19 Vt. 358.

2. The true public policy is, to treat all Sunday contracts as void for every purpose, and put the parties just where they stood before such contract was made. *Woodham* v. *Hubbard*, 5 Fost. 67; *Nodine* v. *Dougherty*, 46 Barb. 59; *Hill* v. *Corcoran*, 107 Mass. 251.

3. The case at bar is one in which the parties are not *in pari delicto;* for McMurry was too drunk to know what day it was. Evidence is not wanting to show that the purchaser got him into that condition for the purpose of imposing on him.

SIMRALL, C. J., delivered the opinion of the court.

The proof is that McMurry sold and Kernaghan bought the horse in question on *Sunday*, Kernaghan paying the price and taking the horse into possession on that day. On the next day, Monday, the testimony tends to show that Mc-Murry made a bill of sale to the wife of Kernaghan, at his request, because there was a judgment against him.

An effort was made to prove (both sides offered testimony on the point) that, at the time of the sale, McMurry was very much intoxicated, so much so that he was incapacitated understandingly to make a contract; and, further, that he was got into that condition by Kernaghan and his associates, so as to take advantage of him.

Block afterwards bought the horse from Kernaghan, and this action of trover and conversion was brought against him by McMurry.

Two propositions have been argued by counsel : first, as to the effect of the statute on transactions had on Sunday ; second, whether McMurry was incompetent to contract, on account of drunkenness. It has been uniformly held, under statutes like ours, that a contract of sale made on Sunday is void. It has been several times so declared in this State. *Hoover* v. *Pierce*, 26 Miss. 627 ; *Kuntz* v. *Price et al.*, 40 Miss. 341 ; *Miller* v. *Lynch*, 38 Miss. 346. The cases have generally been suits on the contract itself, or some stipulation connected with it, as in *Murphy* v. *Thompson*, 14 B. Mon. 419, where there had been what in common parlance is called a " horse swop." Each warranted the soundness of the animal which he exchanged. It was held that an action could not be brought on the warranty.

The authorities, without exception, lay down the rule that the contract, if not within an exception, is void, because it is made a misdemeanor, and punishable, to do secular business on Sunday, which amounts to a prohibition.

This case presents a question which lies behind that. The seller insists that, since the sale is *void*, no title to the horse passed to Kernaghan, and therefore he has a right to reclaim it or to recover damages for the conversion, either against Kernaghan or any vendee from him. The argument is, if the transaction is utterly void, the original rights of neither party have been affected. It is as though no sale had been made. If the buyer has given an obligation for the price, it is not binding. If he has got possession of the chattel, the possession is without right to support it.

There are adjudged cases which have so ruled. *Dodson* v. *Harris*, 10 Ala. 569 ; *Adams* v. *Gay*, 19 Vt. 358, cited from note to 2 Pars. on Con. 764. But these authorities rest on a misconception and misapplication of the principle and the reason of it. When it is declared that the Sunday contract of sale is void, the precise extent of that doctrine practically is, that the courts will not give the remedies of the law to assist either party engaged in the illegal transaction. They will not

help the seller to recover the price ; nor can the buyer maintain an action on any warranty, deceit, or fraud in the sale.

In such case, the seller has parted with his property for the obligation of the buyer, solvable in the future. The courts will lend the seller no aid to get what he was promised for his horse. If all redress is denied to the seller, the principle, in its full and just application, would deny a reclamation by the buyer of the price which he had paid, and to the seller the chattel which he had delivered.

The law observes a strict and impartial neutrality ; it will not interpose at the solicitation of either party, but says to both : "This transaction was a violation of the statute ; both of you are equally guilty, and each of you must remain in the position in which you have placed yourselves."

The cases of *Dodson* v. *Harris*, 10 Ala. 569, and *Adams* v. *Gay*, 19 Vt. 358 (the latter cited from note to 2 Pars. on Con. 764), hold that, the contract of sale being void, if the property has been delivered, the seller may, on another day, demand the property, and, if not returned, may bring trover ; but that, the possession being *permissive*, there must be actual demand before suit brought. These authorities refer to cases which hold, that though the note for the property cannot be recovered upon, yet if there is a *subsequent* promise, that may be the basis of a recovery.

The better doctrine is announced in *Smith* v. *Bean*, 15 N. H. 578 ; that is, that when it said the contract is void, it has reference to the question whether there is any legal remedy upon it. "The purchaser has possession as of his own property, by the assent of the seller, and the law leaves the parties where it finds them." The reason was clearly and forcibly stated by Lord Mansfield, in *Holman* v. *Johnson*, Cowp. 343 : "The object of the statute is for the benefit of the public, and not the advantage of the defendant." "It is founded on the policy that no court will lend its aid to an illegal act. The parties will be left where they placed themselves," etc.

The courts of Massachusetts at once announced principles

in accord with the cases cited from Vermont and Alabama. But the later cases distinctly repudiate that doctrine. Thus, in *Myers* v. *Meinrath*, 101 Mass. 368, which was trover, brought by a plaintiff who had returned the property which he had received, against the other party, who retained what he had got in exchange, the action was not allowed.

In *Horton* v. *Buffington*, 105 Mass. 399, an attachment would not lie on the property in the hands of a third person, who obtained it from a Sunday purchaser as the property of the original owner, for the reason that the disability of the original owner to reclaim would avail the party holding as a sufficient title. See Chitty on Con. (10th Am. ed.) 732.

The courts leave the parties alone, not on any idea of giving effect to the illegal contract, but because it imputes disability to the parties of asserting any right to recover. The series of instructions on behalf of the plaintiff, affirming a right in McMurry to recover because the sale was void, are erroneous.

If the jury should be satisfied that McMurry was intoxicated to the degree that he was not competent to understand the nature and quality of the business, or to make a contract, then the parties are not *in pari delicto*, and he would not be bound by the sale, although made on Sunday.

Judgment reversed and cause remanded.