CALHOUN v. PHILLIPS.

A contract of sale made on Sunday, with no delivery of the property then or afterwards, is void, although the parties intended to waive delivery. Ratification by the vendee alone, made by allowing a credit on the vendor's account, it not appearing that the vendor ever took or claimed the benefit of such credit, will not suffice to validate the sale.

July 8, 1891. By two Justices.

Contracts. Sunday. Ratification. Before Judge ROBERTS. Montgomery superior court. October term, 1890.

Reported in the decision.

CLARKE & NORMAN and MARTIN & SMITH, for plaintiff in error.

No appearance contra.

SIMMONS, Justice.

Dempsey Phillips brought trover against James Calhoun for the recovery of a certain pair of oxen. The plaintiff testified that the oxen sued for were his; that he bought them from Prince Mosely for $20; that Mosely owed him for some timber money that he had kept and used, and he was to allow Mosely $20 on the account and take the oxen as they ran in the woods, the oxen not being present and actually delivered; that the sale was on the 6th of February, 1887; and that he afterwards allowed the credit of the $20 from the money Mosely was due him. The calendar showed that the 6th of February was Sunday. Hammond, Hull & Co. obtained a judgment against Mosely on the 11th of February, 1887, and had it levied on the oxen as the property of Mosely. The property was advertised for sale, and on the day of sale was bought by Calhoun, the defendant. He took possession of it, and the action of trover was brought against him as before stated. On this state of facts the court charged as follows: " If

the contract of sale between Dempsey Phillips and Prince Mosely for the oxen in dispute was made on Sunday and the trade was not annulled, but Mosely allowed it to stand and received and retained the benefits of the trade, the trade, although made on Sunday, is not void, but the sale would be a good one and hold the property, if made before the rendition of the judgment in favor of Hammond, Hull & Co. against Prince Mosely and Joseph Phillips, the judgment on which *fi. fa.* issued and sale was made under the *fi. fa.* under which defendant claims title to the property, unless the sale was made by Mosely to plaintiff for the purpose of defeating his creditors, and this was known to plaintiff at the time of the sale, or plaintiff did not buy the oxen in good faith."

This charge was erroneous. In order for Phillips to recover in this action, he must prove his title to the oxen, it not appearing that he ever had possession of them. In attempting to prove his title, he showed that the contract under which he claimed title was made on Sunday. Under our code, §§2749, 4579, this contract was illegal and void, and the courts will not assist him to set up such an illegal and void contract. *Ellis* v. *Hammond*, 57 *Ga.* 179; *Morgan* v. *Bailey*, 59 *Ga.* 685; *Finn* v. *Donahue*, 35 Conn. 216; *Pope* v. *Linn*, 50 Me. 83; *Block* v. *McMurry*, 56 Miss. 219; 5 Lawson Rights, Remedies and Practice, §2411.

The evidence shows that the contract was not executed, because there was no delivery of the oxen by Mosely to Phillips; and although it could be inferred that delivery was waived, the contract would still be illegal, because if under the law they could not make a valid contract on Sunday, they could not on Sunday agree to waive the delivery of the oxen. It was claimed, however, that the contract was ratified on a week day, because Phillips allowed Mosely the credit of $20, the

price agreed to be paid for the oxen, on a day other than Sunday. The courts in different States differ as to whether a contract made on Sunday can be subsequently ratified. 5 Lawson Rights, Remedies and Practice, §2414. Whether such a contract can be ratified or not, it is unnecessary to decide here, as the evidence shows that this contract was not ratified. While it is true that Phillips testified that "he afterwards allowed the credit," it is not shown that Mosely ever agreed to ratify the contract; it is not shown that he knew the credit had been allowed him, or that he accepted any benefit from it; the record is silent as to whether Mosely agreed with Phillips upon a ratification. Ratification by Phillips alone would not be sufficient to render an illegal contract legal

*Judgment reversed.*