## 1346.   SMITH *v.* CHRISTIAN.

A note executed on Sunday as a part of a transaction connected with the maker's usual or ordinary calling is void.

Certiorari, from Habersham superior court—Judge Kimsey. May 30, 1908.

Submitted November 12, 1908.—Decided June 15, 1909.

*J. C. Edwards,* for plaintiff.

*McMillan & Irwin,* for defendant.

POWELL, J.  Under the consent of counsel appearing in the record, in regard to the exceptions filed to the justice's answer, it appears, that there was evidence before the jury that the note sued upon was executed upon the Sabbath day; that, although the note was dated on the following day, it was in fact signed and delivered to the plaintiff on Sunday; that the note was given for the purchase-price of a mule and buggy which the plaintiff carried to the house of the maker of the note on the same Sunday; that the maker of the note took possession of the mule and buggy that night, and the plaintiff exercised no further control over it.  There was dispute as to these cardinal facts, but the jury was authorized to find as above set forth.  The maker of the note was a farmer, and the jury was authorized to find that the horse and buggy were bought by him to use in his business.  The case is therefore controlled by *Morgan* v. *Bailey,* 59 *Ga.* 683.  It is said there, "Where a farmer, a part of whose ordinary business was the purchase and cultivation of land, bought a tract of land on Saturday, and agreed to consummate the trade on the next day by signing the necessary papers, and did sign a note for the purchase-money on that day (Sunday):  *Held,* that the contract was illegal, and, in a suit on the note, the courts will not assist in its collection."  See also *Hayden* v. *Mitchell,* 103 *Ga.* 445 (30 S. E. 287), and cases cited; *Calhoun* v. *Phillips,* 87 *Ga.* 483 (13 S. E. 593).

*Judgment affirmed.*