## 4902. JONES *v.* BELLE ISLE.

1. A contract made on Sunday in furtherance of work of the ordinary calling of one of the contracting parties can not be enforced by him.

2. Where one, in pursuance of the work of his ordinary calling, hires to another on Sunday a conveyance which is used on that day, a subsequent promise by the user to pay for the conveyance, made on a secular day, without any new consideration, will not support an action, either for the sum agreed to be paid or upon an account for the value of the hire of the conveyance.

DECIDED SEPTEMBER 16, 1913.

Certiorari; from Fulton superior court—Judge Bell. April 5, 1913.

*J. E. & L. F. McClelland, M. Herzberg,* for plaintiff in error.

*Young H. Fraser,* contra.

POTTLE, J. Suit was brought to recover for the hire of two automobiles. The defendant pleaded that the contract sued on was made and performed on Sunday. The evidence shows that on Saturday night, May 25, 1913, about 10 o'clock, the defendant rented

an automobile from the plaintiff for the purpose of calling on some friends. The driver was told to wait, and some time after 12 o'clock the defendant ordered another machine, and both of them were used by him for several hours on Sunday morning in riding for pleasure, or, as one witness described it, in "joy riding," which seems to be a term peculiarly applicable to pleasure trips in automobiles. Several days after the ride the defendant promised to pay the plaintiff the account sued on. The plaintiff's ordinary and usual business was letting automobiles for hire. The plaintiff prevailed, and the defendant's petition for certiorari was overruled.

1. The pursuit of one's ordinary calling on Sunday, except from necessity or for charity, is a crime. Penal Code, § 416. The law will not enforce a contract the performance of which is made penal. The crime is punished, and the criminal must likewise lose the fruits of the illegal act. *Ford* v. *Thomason,* 11 *Ga. App.* 359 (75 S. E. 269). Hence it is that the courts will not enforce a contract made on Sunday in furtherance of one's ordinary business. *Calhoun* v. *Phillips,* 87 *Ga.* 482 (13 S. E. 593) ; *Smith* v. *Christian,* 6 *Ga. App.* 259 (64 S. E. 1002) ; *Dorough* v. *Equitable Mortgage Co.,* 118 *Ga.* 178 (45 S. E. 22). Generally, if a contract founded upon an illegal consideration is executed, it will be left to stand. If it be executory, neither party can enforce it. *Watkins* v. *Nugen,* 118 *Ga.* 372 (45 S. E. 262). As letting automobiles for pleasure rides was not a work of charity or necessity, the contract as to the automobile hired on Sunday was void ab initio.

2. If one's ordinary calling is lawful, a contract made in furtherance thereof is neither illegal nor immoral. If made on Sunday, it is unenforceable solely because the State in the exercise of its police power has prohibited the citizen from pursuing his usual business or calling on the Sabbath day. A contract founded upon a consideration which is neither illegal nor immoral may be subsequently ratified, even though it is unenforceable ab initio because made on a day on which the law prohibits it from being executed. Hence, if a contract of sale be made on Sunday and the property delivered to the purchaser, his retention of it after the expiration of Sunday would amount to a ratification and render him liable for the purchase-price. And where a contract is made on Sunday and the parties proceed to carry it out on a subsequent day, both will be bound. *McAuliffe* v. *Vaughan;.* 135 *Ga.* 852 (70 S. E. 322,

33 L. R. A. (N. S.) 255, Ann. Cas. 1912A, 290); *Bryant* v. *Booze*, 55 *Ga.* 438. In *Meriwether* v. *Smith*, 44 *Ga.* 541, it was held that where a contract for labor was made on Sunday and afterwards performed by the laborer on a secular day, the promisor could not set up the illegality of the contract. In that case a distinction was clearly drawn between a suit to enforce a promise or undertaking entered into on Sunday, and a suit on a contract made on Sunday where the thing to be done was afterwards performed. As was said by Judge McCay, "it would be a fraud in one who has received the consideration of a contract on a week day, to set up the invalidity of the contract because made on Sunday. He reaffirms the contract by receiving the consideration." In *Bendross* v. *State, 5 Ga. App.* 175 (62 S. E. 728), this court held that a laborer could not be prosecuted for refusing to perform a contract of labor executed on Sunday; but it appeared that no affirmative action had been taken ratifying the contract on a secular day.

The consideration of the contract into which the defendant in the present case entered was neither illegal nor immoral. The service was rendered by the plaintiff. But the defendant was not bound by his promise to pay, made on Sunday, nor would he be held bound by the implied promise to pay arising from the acceptance of the service. It is an anomaly to speak of the ratification of an agreement which never had any legal existence as a contract. Day *v.* McAllister, 15 Gray (Mass.), 433; Butler *v.* Lee, 11 Ala. 885 (46 Am. D. 230). Perhaps it is more accurate to say that where a sale is made on Sunday, the retention of the property on a secular day will be treated as evidence of a new promise to pay, the continued use of the property being sufficient consideration for the promise; though upon principle it seems that the new promise ought to be confined to the value of the property, and not to the amount contracted to be paid on Sunday. None of the cases, however, extend this rule, the soundness of which has been doubted (Ladd *v.* Rogers, 11 Allen (Mass.), 209; Tillock *v.* Webb, 56 Me. 100), to a case where the consideration has been consumed on Sunday and the status can not be restored. The owner of the automobile knew it was illegal to let this machine on Sunday. With this knowledge he took the risk of voluntary payment by the defendant. The contract was wholly executed on Sunday; nothing remained to be done but to pay for the use of the machine. The new promise

to pay. was founded upon no new consideration, and there was no such obligation to pay as would support the new promise. The hirer of the automobile was engaged in an illegal act—one which is denounced by our law as a crime. The original promise to pay was made in furtherance of a crime. Therefore it could not furnish a consideration for a new promise made on a secular day. Catlett v. M. E. Church, 62 Ind. 365 (30 Am. R. 197). There is no reason why the courts should be solicitous to aid a violator of the Sunday law to reap the fruits of his illegal act. It is the declared policy of this State that no one shall pursue the work of his ordinary calling on Sunday. To allow the plaintiff to recover in this case would encourage violation of the Sunday law. The purpose of the law is to discourage and, as far as possible, prohibit work on the Sabbath day, save that which is done of necessity or for charity. The plaintiff had no right to let his automobile for hire on that day, and the defendant's promise to pay amounted to nothing. Of course, as to the machine used on Saturday he is liable to the extent of its use on that day, and to this extent the plaintiff is entitled to recover. *Judgment reversed.*