Joseph MOKARZEL

v.

Louis VORIAS.

Supreme Judicial Court of Maine.

Argued Sept. 3, 1980.

Decided Sept. 18, 1980.

LaFountain & Ordway, Lloyd P. LaFountain, David R. Ordway, (orally), Biddeford, for plaintiff.

T. A. Fitanides, Biddeford, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

PER CURIAM.

Plaintiff Joseph Mokarzel appeals from the Superior Court to the Law Court, seeking reinstatement of a District Court judgment that awarded him $2,636.39 plus interest and costs as damages for defendant Louis Vorias' failure to pay a promissory note. We deny the appeal.

In 1971, defendant Vorias, a beer and wine retailer, received credit of $3,000 from Dirigo Distributors, Inc., a beer and wine distributor. To secure that extension of credit, defendant gave his note in that amount payable to one Mose A. Russo, a brother of a principal in Dirigo Distributors, Inc., namely, Leonard Russo. In December of 1974 plaintiff Mokarzel bought the business assets of Dirigo Distributors, Inc., and as a part of the transaction, he bought defendant's obligation to Dirigo, then amounting to $2,636.39. A replacement note payable to plaintiff Mokarzel was signed by defendant Vorias in that amount, and the original note payable to Mose A. Russo was cancelled. In Mokarzel's suit in the District Court on the replacement note, defendant Vorias asserted the illegality of the original note. The District Court judge found as a fact that "all parties to the transaction knew about the legal implications of the transaction and the law which does not allow credit transactions with beer or wine involved."[1] The District Court judge found that "all parties were *in pari delicto.*" Nevertheless, he concluded that defendant should not benefit at the expense

---

1. 28 M.R.S.A. § 303 (Supp.1980) prohibits the extension of credit for the sale of any liquor to a retailer by a wholesaler. It provides in pertinent part:

§ 303. Credit sales; sales to certain persons restricted

No licensee by himself, clerk, servant or agent shall sell or offer to sell any liquor except for cash, excepting credits extended

of plaintiff and ordered judgment for plaintiff for the full amount of the replacement note. On appeal, the Superior Court reversed, holding that

> [t]he original note was void because it was based upon an illegal consideration and constituted no enforceable obligation. The consideration for the new note being the extinquishment of the original note bears the same infirmity. *Tillock v. Webb,* 56 Me. 100 (1868).

On his appeal before this court plaintiff makes no attack upon the factual findings made by the District Court judge or his holding that the original note was illegal. The conclusion reached by the Superior Court is then inevitable.

Plaintiff Mokarzel is a knowing transferee of an obligation unenforceable in the courts because of its illegality as admitted by all parties. Even though defendant Vorias, the maker of both the original illegal note and its subsequent replacement, is compounding his moral wrong by also refusing to satisfy his indebtedness, the normal judicial processes for collecting a debt are not available to a co–participant in the illegal transaction. So far as this suit is concerned, the law leaves the parties exactly where it finds them. *Cf. Jolovitz v. Redington & Co., Inc.,* 148 Me. 23, 29, 88 A.2d 589, 592 (1952); *Thacher Hotel, Inc. v. Economos,* 160 Me. 22, 25, 197 A.2d 59, 60–61 (1964). It is not for this court to speculate about what sanctions may be imposed, administratively or otherwise, upon any of the parties as a result of the revelation by this litigation of an admitted violation of the liquor laws.

The entry must be:

Appeal denied.

Judgment affirmed.

No costs allowed to either party.

All concurring.

by a hotel or club to bona fide registered quests or members; and excepting credits extended by a hotel or Class A restaurant to the holder of a credit card which authorizes such holder to charge goods or credits. No right of action shall exist to collect claims for credits extended contrary to this section.

Nothing herein contained shall prohibit a licensee from giving credit to a purchaser for the actual price charged for packages or original containers as a credit on any sale, or from paying the amount actually charged for packages or original containers.
*Cf.* 28 M.R.S.A. §§ 6, 601 (1974).