697 P.2d 952

**NEW MEXICO BEVERAGE COMPANY, Plaintiff-Appellant,**

v.

**Maralee BLYTHING and Melvin B. Jaschke, individually, and d/b/a M & R Liquors, Robert Bowers, Robert H. Bowers and Ronald Bowers, individually, Defendants-Appellees.**

**No. 15516.**

Supreme Court of New Mexico.

April 9, 1985.

Linda L. Aikin, Sutin, Thayer & Browne, Santa Fe, for plaintiff-appellant.

O.R. Adams, Jr., Albuquerque, for amicus curiae Maloof, et al.

Chris Lackmann, Albuquerque, for defendants-appellees Blything & Jaschke.

Robert J. Avila, Albuquerque, for defendants-appellees Bowers.

**OPINION**

FEDERICI, Chief Justice.

New Mexico Beverage Company, the plaintiff-appellant (plaintiff), a liquor wholesaler, brought this suit to recover a

debt from M & R Liquors and the Bowers, defendants-appellees, for liquor which was delivered but not paid for. M & R Liquors and the Bowers are, respectively, a liquor retailer and the holders of the retail liquor license. Following a trial, the district court dismissed plaintiff's claim. The trial court based its judgment on the grounds that plaintiff extended credit to M & R Liquors for more than 30 days; that NMSA 1978, Section 60–7A–9 (Repl.Pamp.1981), a part of the Liquor Control Act, prohibits a liquor wholesaler from extending credit to a liquor retailer for more than 30 days; and that NMSA 1978, Section 60–8A–5 (Repl. Pamp.1981) prohibits enforcement of any debt which is incurred contrary to the Liquor Control Act. Plaintiff appealed to this Court. We affirm.

■ NMSA 1978, Section 60–7A–9 (Repl. Pamp.1981) is a "tied-house" law, which makes it illegal for any liquor wholesaler to "extend credit or to agree to extend credit for the sale of alcoholic beverages to any retailer * * * for any period more than thirty calendar days from the date of the invoice required under the provisions of Section 70 [60–8A–3, NMSA 1978] of the Liquor Control Act." The record in this case shows that after the first invoice to go unpaid had remained unpaid for more than 30 days, plaintiff did not promptly bring an action to recover the debt, but on the contrary continued to deliver more liquor to the retailer without receiving immediate payment. Plaintiff argues that it did not "extend credit" within the meaning of Section 60–7A–9 because its deliveries were marked "C.O.D." and it "expected" prompt payment. But plaintiff cannot circumvent the statute based upon expectations of prompt payment or by labelling its transactions "C.O.D." By failing to bring an action promptly when an invoice went unpaid for more than 30 days, and continuing to deliver liquor without receiving immediate payment, plaintiff extended credit to the retailer under NMSA 1978, Section 60–7A–9 (Repl.Pamp.1981).

■ NMSA 1978, Section 60–8A–5 (Repl. Pamp.1981) provides that "[n]o action shall be maintained * * * to collect any debt for merchandise sold, served or delivered in violation of the Liquor Control Act." Plaintiff argues that because this statute was passed before the tied-house laws were enacted, this sanction of disallowing actions to recover debt is not applicable to violations of the tied-house laws, and applies only to illegal credit sales by retailers to consumers. By the clear statement of its terms, however, Section 60–8A–5 applies to *any* debt for merchandise sold in violation of the Liquor Control Act. If a statute is unambiguous, this Court will not engage in further interpretation. *E.g., Arnold v. State,* 94 N.M. 381, 610 P.2d 1210 (1980). This Court also presumes that the Legislature, when it enacted Section 60–7A–9, was aware of existing law, including Section 60–8A–5. *See, e.g., State v. Trivitt,* 89 N.M. 162, 548 P.2d 442 (1976). In any event, the entire Liquor Control Act, including both Section 60–7A–9 and Section 60–8A–5, was recodified and reenacted in 1981, indicating legislative intent that the sanction provided by Section 60–8A–5 be applicable to violations of Section 60–7A–9.

■ This is a case of first impression in New Mexico. We note that in the overwhelming majority of cases in other states with similar statutes involving enforcement of wholesaler-retailer debts which violate liquor control laws, the courts have held that the debts are unenforceable. *E.g., Mokarzel v. Vorias,* 419 A.2d 1017 (Me. 1980); *Mascari v. Raines,* 220 Tenn. 234, 415 S.W.2d 874 (1967). *See also Annot.,* 17 A.L.R.3d 396 § 6 (1968).

The trial court's judgment dismissing the claim is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.