741 P.2d 831

**PUCCI DISTRIBUTING COMPANY and Richard Distributing Company, Plaintiffs-Appellants,**

v.

**Gary L. STEPHENS and David M. Stevens, Defendants-Appellees.**

**No. 16938.**

Supreme Court of New Mexico.

Aug. 27, 1987.

O.R. Adams, Jr., Albuquerque, for plaintiffs-appellants.

Deborah H. Mande, Javier Lopez, Albuquerque, for defendant-appellee Stevens.

## OPINION

STOWERS, Justice.

Pucci Distributing Company and Richard Distributing Company (plaintiffs), licensed New Mexico liquor wholesalers, brought this action to recover amounts due for merchandise sold on open account to Gary L. Stephens and David M. Stevens (defendants), licensed New Mexico liquor retailers. Plaintiffs filed a motion for summary judgment, and defendants filed a response and a cross-motion for summary judgment. Defendants alleged that NMSA 1978, Section 60–8A–5 (Repl.Pamp.1981) barred plaintiffs from bringing this collection action because the debts at issue arose from unlawful extensions of credit under NMSA 1978, Section 60–7A–9 (Repl.Pamp.1981) (*codified as amended at* NMSA 1978, § 60–7A–9 (Cum.Supp.1986)). Section 60–7A–9 prohibits wholesalers from extending credit for more than thirty calendar days from the date of the invoice accompanying each delivery, and in this case plaintiffs continued to make credit sales after defendants fell more than thirty days behind in payments on open account. The district court granted defendants' motion and dismissed the complaint with prejudice. Plaintiffs appeal, and we reverse in part.

This case presents the following issues for our determination:

(1) Did the district court err in entering summary judgment in favor of defendants for debts incurred before any invoice had gone unpaid for more than thirty days?

(2) Were plaintiffs entitled to summary judgment for the amounts due for merchandise sold to defendants during the initial thirty-day period of sales to each plaintiff?

(3) Did the district court err in entering summary judgment in favor of defendants for the amounts of checks issued by defendants to plaintiffs and returned because of insufficient funds, and were plaintiffs entitled to summary judgment for those amounts?

■ First, we hold that a liquor wholesaler does not "extend credit" within the meaning of Section 60–7A–9 by delivering merchandise on credit terms authorized by that section unless he does so while a prior invoice has gone unpaid for more than thirty days. Credit sales authorized by Section 60–7A–9 made within the initial thirty-day period before the retailer falls behind in payments on his account are not declared violations of the Liquor Control Act by Section 60–7A–9, and Section 60–8A–5 does not bar a wholesaler from bringing an action to collect debts arising from such credit sales. The district court therefore erred in granting defendants' cross-motion for summary judgment and dismissing plaintiffs' complaint insofar as it sought to collect debts incurred during the initial thirty-day period of sales to each plaintiff. Second, Section 60–7A–9 by its terms makes it a violation of the Liquor Control Act for a wholesaler to "agree to extend credit" for more than thirty calendar days from the date of the invoice, and Section 60–8A–5 bars any action to collect debts arising from sales made under such an agreement to extend credit. We conclude that the evidence in the record of this case raises a genuine issue of material fact regarding whether plaintiffs agreed to extend credit unlawfully when they sold merchandise on specified credit terms during the first thirty-days periods. Therefore, the district court correctly denied plaintiffs' motion for summary judgment. Finally, we hold that the evidence raises genuine issues of material fact regarding the plaintiffs' right to recover the amounts represented by various checks returned for insufficient funds. The district court therefore erred in granting summary judgment in favor of defendants on those claims. Accordingly, we reverse in part the summary judgment entered by the district court and remand this case to it for further proceedings.

In 1981 and 1982, wholesaler plaintiffs sold alcoholic beverages to retailer defendants on open account. Plaintiff Pucci Distributing Company alleges that the first unpaid sale in its account was made on September 24, 1981; plaintiff Richard Distributing Company alleges that the first unpaid sale in its account occurred on January 16, 1982. Each plaintiff continued to sell defendants alcoholic beverages on open account in subsequent days and months, and neither brought an action to recover unpaid debts until they filed this complaint for debt on August 5, 1983.

Section 60–7A–9 at that time in pertinent part provided that "[i]t is a violation of the Liquor Control Act for any wholesaler to extend credit or to agree to extend credit for the sale of alcoholic beverages to any retailer ... for any period more than thirty calendar days from the date of the invoice...." Section 60–8A–5 further provides that "[n]o action shall be maintained ... to collect any debt for merchandise sold, served or delivered in violation of the Liquor Control Act." The district court ruled that all the debts sued upon represented unlawful extensions of credit for more than thirty days under Section 60–7A–9 and granted defendants' motion for summary judgment.

## I. Enforceability of Debts Incurred During First Thirty Days.

In *New Mexico Beverage Co. v. Blything*, 102 N.M. 533, 697 P.2d 952 (1985), we rejected the contention that a wholesaler had complied with Section 60–7A–9 by marking its deliveries "C.O.D." when it in fact had not collected payment at the time of delivery. We held that the wholesaler had extended credit in violation of the statute "[b]y failing to bring an action promptly when an invoice went unpaid for more than 30 days, and continuing to deliver liquor without receiving immediate payment." *Id.*, 102 N.M. at 534, 697 P.2d at 953. In accordance with that holding, plaintiffs concede that they cannot maintain an action to collect debts for credit sales made after any invoice in their respective accounts had gone unpaid for more than thirty days. On appeal, however, they contend that the rule of *New Mexico Beverage Co. v. Blything* does not reach credit sales made during the initial thirty-day periods, and that such sales are lawful and enforceable in an action to collect debts.

We believe that *New Mexico Beverage Co. v. Blything* correctly held that unlawful extensions of credit under Section 60–7A–9 occur when a wholesaler makes credit sales of alcoholic beverages to a retailer who has not paid for any prior delivery from the wholesaler within thirty days of its invoice. *New Mexico Beverage Co. v. Blything* did not hold that lawful credit sales made during the initial thirty-day period are rendered unlawful and unenforceable by the retailer's subsequent failure to make timely payment on its account, for all the debts sued upon in that case arose from deliveries of alcoholic beverages made *after* the retailer had failed to pay prior invoices for more than thirty days. *See id.,* 102 N.M. at 534, 697 P.2d at 953.

Whether credit sales made during the initial thirty-day period constitute unlawful extensions of credit under Section 60–7A–9 therefore is a question of first impression for this Court. By expressly proscribing sales in which credit is extended for more than thirty days, Section 60–7A–9 implicitly authorizes sales in which credit is extended for thirty days or less. *New Mexico Beverage Co. v. Blything* prevents the wholesaler from continuing to make such authorized sales once the retailer, by failing to pay a prior invoice for more than thirty days, effectively transforms a permissible thirty-day credit arrangement into an impermissible longer one. *See id.,* 102 N.M. at 534, 697 P.2d at 953. Neither the language of Section 60–7A–9 nor the holding of *New Mexico Beverage Co. v. Blything* compels the conclusion that an unlawful extension of credit occurs, and a debt unenforceable under Section 60–8A–5 arises, whenever any credit sale of alcoholic beverages is made during the initial thirty-day period.

Section 60–7A–9 is penal in nature, *see* NMSA 1978, § 60–7A–25 (Repl.Pamp. 1981) (criminal penalties), and should be construed to define the proscribed act with sufficient certainty so that a person will know his act is criminal when he does it. *Cf. State v. Collins,* 80 N.M. 499, 502, 458 P.2d 225, 228 (1969) (prosecution under Endowed Care Cemetery Act). Under the district court's interpretation of this statute, a wholesaler's credit sale, lawful at the time it was made, might subsequently be rendered unlawful by the retailer's nonpayment of a lawful obligation. We will not adopt a construction that makes the statute's application absurd, unreasonable or unjust. *See State v. Santillanes,* 99 N.M. 89, 90, 654 P.2d 542, 543 (1982). We therefore hold that lawful extensions of credit under Section 60–7A–9 made during the initial period before any invoice goes unpaid for more than thirty days fall outside the Section 60–8A–5 bar to suit. Because the evidence in this case raises a genuine issue of material fact regarding whether the sales that form the basis of this appeal involved such lawful extensions of credit, *see Paperchase Partnership v. Bruckner,* 102 N.M. 221, 222–23, 693 P.2d 587, 588–89 (1985), we reverse the district court's summary judgment in favor of defendants on the claims for debts arising in the first thirty-day period of sales to each plaintiff.

## II. Plaintiffs' Claim of Entitlement to Summary Judgment.

If an action may be maintained to collect debts incurred on credit sales made during the initial thirty-day period, plaintiffs argue, they are entitled to summary judgment on their claims for debts arising in the first thirty days of sales to each based upon evidence of their accounts placed in the record before the district court. The amounts of those claims are supported by undisputed evidence in the record. However, other questions of fact regarding the terms of the sales in question and the intentions of the parties are raised by that evidence.

In addition to forbidding extensions of credit for more than thirty days, Section 60–7A–9 makes it a violation of the Liquor Control Act for any wholesaler to "agree to extend credit" for more than thirty days. The invoices and statements issued by plaintiffs to defendants state that the total sale price is due and payable after a specified number of days within the thirty-day period authorized by Section 60–7A–9, but state further that any invoice not timely paid shall bear a stated rate of interest

from the date of the delivery. Other evidence in the record indicates that defendants acknowledged their indebtedness on the sales in question, that plaintiffs forebore from bringing any collection action, and that plaintiffs continued making sales on credit for several months after the first invoices issued by each had gone unpaid for more than thirty days. *Cf. New Mexico Beverage Co. v. Blything*, 102 N.M. at 534, 697 P.2d at 953 (continued deliveries and delay in brining suit). We believe that the evidence before the district court presented a genuine issue of material fact regarding whether plaintiffs agreed to extend credit to defendants for more than thirty days. Summary judgment cannot be granted if the evidence shows that there was a genuine issue as to any material fact. *Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 756, 568 P.2d 589, 592 (1977). The district court therefore did not err in denying plaintiffs' motion for summary judgment in the amount of the debts incurred by defendants in the initial thirty-day periods.

### III. Plaintiffs' Claims to Recover Amounts Represented by Returned Checks.

Plaintiffs on appeal contend that they are entitled to recover certain amounts for checks issued to them by defendants and returned because of insufficient funds. Plaintiffs argue that these claims are based on the checks themselves, and that they should recover the amounts represented by the returned checks in addition to amounts they may recover for sales made within the initial thirty-day periods.

Because Section 60–8A–5 expressly provides that no action shall be maintained to recover debts arising from sales contracts made in violation of the statutory requirements for credit sales of alcoholic beverages, no actionable cause arises from such a contract, *see Kaiser v. Thomson*, 55 N.M. 270, 274, 232 P.2d 142, 144 (1951), even though the transaction has been completed, *cf. Capo v. Century Life Ins. Co.*, 94 N.M. 373, 377, 610 P.2d 1202, 1206 (1980) (illegally coerced purchase of life insurance). If the returned checks were tendered in payment of debts arising from unlawful extensions of credit or agreements to extend credit, plaintiffs could not bring an action based on the checks themselves, for to permit recovery on the returned checks would in effect validate their unlawful extensions of credit, nullify the statutory penalty, and permit plaintiffs to take advantage of their violations of Section 60–7A–9. *Cf. id.; cf. also* NMSA 1978, §§ 55–3–302, –306 (defenses to payment on check). If, on the other hand, the returned checks were tendered in payment upon lawful C.O.D. sales, Sections 60–7A–9 and 60–8A–5 would not preclude plaintiffs from bringing an action based on the checks.

The evidence of plaintiffs' accounts before the district court on these motions for summary judgment raises genuine issues of material fact regarding whether the returned checks were issued in payment of sales made under unlawful extensions of credit or agreements to extend credit or in payment of lawful C.O.D. transactions. *See New Mexico Beverage Co. v. Blything*, 102 N.M. at 534, 697 P.2d at 953. The district court therefore erred in granting summary judgment in favor of defendants on plaintiffs' claims based on the returned checks, and we reverse that part of its judgment.

For the foregoing reasons, we reverse in part the summary judgment entered by the district court and remand this case to it for further proceedings consistent with this opinion.

IT IS SO ORDERED.

WALTERS and RANSOM, JJ., and MINZER, J., Court of Appeals.

SOSA, Senior Justice, dissents.

SOSA, Senior Justice, dissenting.

Plaintiffs concede that credit sales made after 30 days were in violation of the Act, but argue that they should be allowed to collect for the unpaid liquor sales made during the first 30 days. Those sales, from September 24, 1981 through October 22, 1981, totaled $4,067.32. The majority holds that sales during this period were lawful and that only those credit sales that ex-

tended beyond the 30 day period may be violative of the Act. I disagree.

NMSA 1978, Section 60–7A–9 (Repl. Pamp.1981) (amended 1985) provides in part: "It is a violation of the Liquor Control Act for any wholesaler to extend credit or to agree to extend credit for the sale of alcoholic beverages to any retailer ... for any period more than thirty calendar days from the date of the invoice...." It is the extension of credit that violates the Act. This applies not only to plaintiffs' conduct in continuing to deliver liquor on credit, but also to the extension of credit by not recovering the entire amounts due. The statute unambiguously provides that "[n]o action shall be maintained ... to collect any debt for merchandise sold, served or delivered in violation of the Liquor Control Act." NMSA 1978, § 60–8A–5 (Repl.Pamp.1981).

The majority holds that even though a violation of the statute has occurred, there can still be recovery on amounts owed for the first 30 days. Their position is untenable.

This case is indistinguishable from *New Mexico Beverage Co. v. Blything,* 102 N.M. 533, 697 P.2d 952 (1985). In that case, we held that a wholesaler extended credit by failing to bring an action promptly when the first invoice went unpaid for more than 30 days and by continuing to deliver liquor on credit. We held that this conduct violated the statute and therefore the liquor debt was unenforceable. The same facts are present in the case at bar.

I conclude, therefore, that under these circumstances, Plaintiffs have forfeited their right to collect any part of the debt because they have violated the statute.

For the foregoing reasons, I respectfully dissent.