744 P.2d 541

**GAVIN MALOOF & COMPANY, Richard Distributing Company, corporations, and Quality Import Company, a partnership, Plaintiffs–Appellants and Cross–Appellees,**

v.

**SOUTHWEST DISTRIBUTING COMPANY and State Distributors, Inc., corporations, Plaintiffs and Cross–Appellees,**

v.

**Milus C. and Judith L. CAMPBELL, Defendants–Appellees and Cross–Appellants,**

v.

**Jerry Lee SILER, Defendant.**

**No. 16615.**

Supreme Court of New Mexico.

Oct. 22, 1987.

**414**

O.R. Adams, Jr. Albuquerque, for plaintiff and cross-appellee State Distributors.

Franchini, Henderson, Wagner & Oliver, Keith Franchini, Albuquerque, for plaintiff and cross-appellee Southwest Distributing.

W.H. Greig, Clovis, for defendants-appellees and cross-appellants Campbell.

**OPINION**

WALTERS, Justice.

Plaintiffs Gavin Maloof & Company, Richard Distributing Company, Quality Import Company, Southwest Distributing Company, and State Distributors, Inc. are liquor wholesalers. They brought this action to collect debts for liquor sold to defendant Siler (not a party to this lawsuit). Siler was the liquor license lessee of defendants Campbell. The trial court awarded judgment against plaintiffs Maloof, Richard, and Quality, and in favor of plaintiffs Southwest and State. Plaintiff Southwest was also awarded attorney fees. Maloof, Richard, and Quality appealed, and Campbells cross-appealed. We partially affirm and partially reverse.

The appeal and cross-appeal raise three issues:

(1) Should judgment have been awarded against Maloof, Richard, and Quality?

(2) Should judgment have been awarded in favor of State and Southwest?

(3) Was it error to award attorney fees to Southwest?

**I.**

The trial court found in Findings 12 through 20 that Maloof, Richard, and Quality delivered and sold merchandise to defendants knowing at the time of delivery that Siler, Campbell's lessee, was more than thirty calendar days behind in his payments on account to these plaintiffs. On the basis of those findings, the trial court concluded that the claims of Maloof, Richard, and Quality were based on sales of merchandise which violated NMSA 1978, Section 60–7A–9 (Cum.Supp.1986), and, therefore, could not be maintained under NMSA 1978, Section 60–8A–5 (Repl.Pamp. 1981).

Sections 60–7A–9 and –8A–5 provide:

It is a violation of the Liquor Control Act for any wholesaler to extend credit or to agree to extend credit for the sale of alcoholic beverages to any retailer * * for any period of time more than thirty calendar days from the date of the invoice * * * *

No action shall be maintained * * * to collect any debt for merchandise sold * * in violation of the Liquor Control Act.

In *New Mexico Beverage Co. v. Blything*, 102 N.M. 533, 697 P.2d 952 (1985), this Court held that a liquor wholesaler, "[b]y failing to bring an action promptly when an invoice went unpaid for more than 30 days, and [by] *continuing to deliver liquor without receiving immediate payment*," violated Section 60–7A–9. *Id.* at 534, 697 P.2d at 953 (emphasis added). We reaffirm *Blything*, but point out that neither Section 60–7A–9 nor *Blything* requires a liquor wholesaler to take action to recover the debt within thirty days. Under Section 60–7A–9 and *Blything*, when a credit sale is not paid for within thirty

days, a liquor wholesaler may cut off credit and continue to do business with the delinquent retailer on a C.O.D. basis while the wholesaler attempts to collect the past due accounts. To violate Section 60–7A–9, a liquor wholesaler must continue to make *credit* sales to a liquor retailer knowing at the time that the retailer is more than thirty calendar days behind in its credit payments to the wholesaler.

The trial court's finding that Maloof, Richard, and Quality delivered and sold merchandise to Siler knowing at the time of delivery that Siler was more than thirty calendar days behind in payments on account does not support a conclusion that those plaintiffs violated Section 60–7A–9. The trial court did not find that the sales were credit sales; in fact, there was evidence that all sales made while defendants were more than thirty days behind in payments on account were C.O.D. sales. A judgment cannot stand if the conclusions upon which it rests are not supported by the findings of fact. *Watson Land Co. v. Lucero*, 85 N.M. 776, 517 P.2d 1302 (1974). We reverse the trial court's judgment against Maloof, Richard, and Quality and remand this matter to the trial court to resolve whether any credit sales were made to defendants after a credit sale had been unpaid for thirty days. If any or all sales thereafter were made on a C.O.D. basis, plaintiffs are entitled to recover on their complaint for those sales.

## II.

Campbells were adjudged liable for their lessee's debts to State and Southwest. They assert that they are not responsible for Siler's debts since the liquor license "was issued" to Siler. The evidence does not support that argument. A liquor license was issued to Campbells and they leased the license to Siler. Under NMSA 1978, Subsection 60–3A–2(B) (Repl.Pamp. 1981), Campbells are fully liable and accountable for debts incurred by Siler in the course of his use of the license. We affirm the judgments in favor of State and Southwest.

## III.

Campbells claim error in the trial court's award of attorney fees to Southwest without receiving time records, oral testimony, or any other verification or documentation to show that the fees sought were reasonable.

Based upon its knowledge of the case and the pleadings filed, and without submission of time records and testimony, the trial court could properly have determined that Southwest's counsel was entitled to $832 as a reasonable fee. *See New Mexico Feeding Co. v. Keck*, 95 N.M. 615, 624 P.2d 1012 (1981); *cf. Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 695 P.2d 483 (1985) (judicial notice of factors involved in determining reasonable attorney fee). Submission of time sheets is not a prerequisite to recovery of attorney fees. Moreover, the amount of an award of attorney fees lies within the sound discretion of the trial court. *Corliss v. Corliss*, 89 N.M. 235, 549 P.2d 1070 (1976). There was no abuse of discretion in this case.

We affirm the trial court's judgment in favor of State and Southwest. We reverse the trial court's judgment against Maloof, Richard, and Quality and remand to the trial court for proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and RANSOM, J., concur.

STOWERS, J., dissents.

SCARBOROUGH, C.J., not participating.