796 P.2d 595

**PUCCI DISTRIBUTING COMPANY,
Plaintiff–Appellee,**

v.

**George N. NELLOS and Christine A.
Nellos, Defendants–Appellants.**

No. 18719.

Supreme Court of New Mexico.

Aug. 8, 1990.

Arthur A. Greenfield, Albuquerque, for defendants-appellants.

O.R. Adams, Jr., Albuquerque, for plaintiff-appellee.

## OPINION

BACA, Justice.

Appellee Pucci Distributing Company (Pucci), a wholesale liquor distributor, brought this suit to collect funds owed against appellants George and Christine Nellos (Nellos), liquor retailers doing business as Kelly's Liquors. In October 1985, Pucci offered a discounted price on Stroh's beer. The discount was in effect only for a limited period of time. To allow retailers to avail themselves of the reduced price without taking delivery during the specified discount period, a retailer was permitted to place a purchase order on Pucci's invoice form (termed a prebill) with delivery to occur sometime thereafter. A purchase order for Stroh's was placed by Nellos, dated and signed on October 12, 1985. The district court determined Pucci delivered the beer on October 15, a claim disputed by Nellos. Nellos also claims that no invoice was left with the delivery and no

signature acknowledging delivery was obtained from Nellos or an employee, despite Pucci's normal practice, which was to obtain a signed invoice upon delivery.

Nellos refused to pay Pucci's invoice for $19,320 representing the amount due for 2,400 cases of Stroh's beer. Pucci brought suit, and Nellos defended, denying delivery and asserting as an affirmative defense that the alleged delivery was not accompanied by an invoice in violation of Section 60–8A–3 of the Liquor Control Act (Act), *see* NMSA 1978, Section 60–3A–1 (Repl. Pamp.1981 & Cum.Supp.1985, now Repl. Pamp.1987 & Cum.Supp.1989), and therefore that recovery was barred pursuant to Section 60–8A–5.

The court found in favor of Pucci, awarding $19,320 plus prejudgment interest of $10,702.75, attorney's fees of $10,000, and costs.

Nellos appeals the judgment, contending: (1) Recovery is barred by the Liquor Control Act; (2) the finding of delivery was not supported by substantial evidence, and (3) Pucci was not entitled to attorney's fees or costs.

## I. Does the Liquor Control Act Bar Recovery?

Nellos contends that the lack of an invoice violates Section 60–8A–3 of the Act, and, accordingly, this action to collect was barred pursuant to Section 60–8A–5.[1]

Before addressing the contentions of illegality,[2] we must first determine if, in

1. Section 60–8A–3 of the Act requires, in pertinent part:

   Whenever a New Mexico wholesaler delivers any item of alcoholic beverages to a New Mexico retailer * * *, the delivery shall be accompanied by an invoice which accurately and clearly shows the date of the sale and the quantity of each item of merchandise delivered.

   Section 60–8A–5 prohibits an action to collect a debt for merchandise sold in violation of the Act. *See New Mexico Beverage Co. v. Blything,* 102 N.M. 533, 697 P.2d 952 (1985) (holding unenforceable a debt for which credit was extended for more than thirty days in violation of Section 60–7A–9). *But see Gavin Maloof & Co. v. Southwest Distributing Co.,* 106 N.M. 413, 744

P.2d 541 (1987) (to violate Section 60–7A–9, wholesaler must continue to make credit sales with knowledge retailer is more than thirty days behind in payments); *Pucci Distributing Co. v. Stephens,* 106 N.M. 228, 741 P.2d 831 (1987) (Section 60–7A–9 is penal in nature and should be construed to define proscribed act with certainty and in a reasonable way).

2. It should be noted that the defense of illegality was not affirmatively plead in Nellos' answer, and Nellos never moved to amend the pleadings to add the defense. Nellos now argues that the issue was presented to the court and tried with the implied consent of the parties pursuant to SCRA 1986, 1–015(B). It is true that evidence regarding the existence of an invoice (or lack thereof) was presented as evidence on the issue

fact, an invoice accompanied delivery. Despite Nellos' statement that "[i]t is undisputed that the delivery in question was not 'accompanied by an invoice,'" the district court found that George Nellos signed an invoice for 2,400 cases of beer on October 12 and it discussed the terms of the invoice under which the beer was purchased in its findings. The court based its conclusions in part on the terms of the invoice. Moreover, the court rejected certain findings, including one to the effect that the purported invoice was a mere prebill or purchase order, and another stating "[t]hat no invoice of any kind was delivered by Plaintiff or its agents to Defendant on October 15, 1985 for 2000 cases of Strohs beer and 400 cases of Strohs light beer." Illegality is an affirmative defense on which Nellos bore the burden of proof at trial. The refusal of the district court to make Nellos requested finding is regarded on appeal as a finding against him. *See Kimberly, Inc. v. Hays*, 88 N.M. 140, 537 P.2d 1402 (1975).

Thus, initially we must determine if the finding of delivery of an invoice is supported by substantial evidence. If it is, the issues regarding the effect of Sections 60–8A–3 and 60–8A–5 are moot, because the evidence will indicate that they were complied with, and we will not consider those questions further.

■ In determining whether a finding of the trial court is substantially supported by the evidence, we view the evidence in a light most favorable to support the finding, indulging the trial court's decision with all reasonable inferences in support of it. *Tyrpak v. Lee*, 108 N.M. 153, 768 P.2d 352 (1989). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Register v. Roberson Constr. Co.*, 106 N.M. 243, 741 P.2d 1364 (1987).

■ Nellos points to evidence he contends proves that no invoice was delivered. However, the issue on appeal is not whether there is sufficient evidence to support an alternative finding, but whether the court's determinations were supported. *Nosker v. Trinity Land Co.*, 107 N.M. 333, 757 P.2d 803 (Ct.App.), *cert. denied*, 107 N.M. 267, 755 P.2d 605 (1988).

It is not disputed that Nellos signed a document on October 12. He claims, however, that the document was a prebill or purchase order, not an invoice.

■ An invoice is defined as:

A written account, or itemized statement of merchandise shipped or sent to a purchaser * * *, with the quantity, value or prices and charges annexed.... Document showing details of a sale or purchase transaction. A list sent to a purchaser * * * containing the items, together with the prices and charges of merchandise sent or *to be sent* to him.

*Black's Law Dictionary* 742 (5th ed. 1979) (emphasis added).

■ The document at issue, which is labeled as an invoice, is a Pucci form with a list of various types of beer, including 2,000 cases of Stroh's and 400 cases of Stroh's light. Listed on the form are the quantity, unit price, total price, and a discount. We hold that there was adequate evidence for the trial court to determine that this was an invoice.

The invoice was dated October 12 and delivery was made October 15. Nellos claims that delivery was not accompanied by the invoice as *required by Section 60–8A–3*. Pucci's driver, who delivered beer to Kelly's Liquor, testified that he signed a copy of the invoice (a copy of which had been given to Nellos three days earlier)

of delivery. Because we find substantial evidence showing the existence of the invoice accompanying delivery, it appears that Pucci was not prejudiced by any lack of notice of the defense, *see Wynne v. Pino*, 78 N.M. 520, 433 P.2d 499 (1967), although the lack of objection is not dispositive of whether it was tried with Pucci's consent under SCRA 1986, Section 1–015(B). *See Moya v. Fidelity & Casualty Co.*, 75 N.M. 462, 406 P.2d 173 (1965) (Section 1–015(B)

does not authorize amendment to conform to evidence merely because evidence relevant to an issue in pleadings incidentally tends to prove a fact not at issue). Nonetheless, the court's findings indicate that the factual contentions regarding nonexistence of the invoice and nonaccompaniment of the invoice were rejected by the trial court, and we address this as a substantial evidence question.

when he delivered the merchandise. Pucci's accounts receivable supervisor testified the driver took a copy of the invoice with him. The sales supervisor testified extensively regarding the circumstances surrounding delivery of the beer and stated that he took the invoice along with the beer when it was delivered, leaving a copy at Kelly's.

■ There was thus substantial evidence supporting the finding of a valid invoice that accompanied delivery. Accordingly, we do not find it necessary to address Nellos' further contentions regarding the construction to be given to the relevant sections of the Act.

## II. Was There Delivery?

The district court found that the beer was delivered. The testimonial evidence as discussed with regard to the invoice supports delivery. Nellos argues that the documentary evidence does not support the finding of delivery and the finding therefore was in error.[3]

■ This is not a proper case to rely solely on review of the documentary evidence. This is not a case involving the interpretation of an unambiguous contract, determination of which is a matter of law. Cf. Peck v. Title USA Ins. Corp., 108 N.M. 30, 766 P.2d 290 (1988). The district court heard extensive testimonial evidence regarding delivery, and Pucci presented photographs of the beer sitting on Kelly's display floor that were shown to have been from the contested delivery. Nellos in essence is asking us to disregard all of this evidence and focus solely on certain documents, and we reject this invitation. We apply substantial evidence review and hold that the finding of delivery was substantially supported.

We also reject Nellos argument that the course of dealing between Kelly's and Pucci requires us to find no delivery and no invoice, because he claims there was no acknowledgment of delivery. Nellos does not cite us to any authority stating that custom or usage is dispositive of an occurrence (or lack thereof). See In re Adoption of Doe, 100 N.M. 764, 676 P.2d 1329 (1984). The evidence supported the findings of invoice and delivery, and we affirm the judgment on this point.

## III. Attorney's Fees.

Nellos argues that Pucci is not entitled to attorney's fees, both because the judgment on the merits must be reversed and because the requirements for an award have not been met. Because we affirm the judgment, the first argument is without merit.

Attorney's fees were authorized by the invoice signed by Nellos. See Superior Concrete Pumping, Inc. v. David Montoya Constr., Inc., 108 N.M. 401, 773 P.2d 346 (1989). Nellos argues that the court awarded $10,000 in fees in reliance on the affidavit of Pucci's attorney that it had a contingency agreement for one third of the recovery, without considering the complexity of the issues, the fees normally charged in the locality, or finding the award reasonable. Nellos cites as support Fryar v. Johnsen, 93 N.M. 485, 601 P.2d 718 (1979), overruled in part and limited in part, Woodson v. Phillips Petroleum Co., 102 N.M. 333, 695 P.2d 483 (1985) (allowing percentage of award to be a factor in determining attorney's fees and requiring findings only regarding factors on which evidence was presented).

The court found that Pucci's attorney spent over one hundred hours on this case, as supported by his records. The attorney was experienced, fully litigated the matters

---

**3.** Nellos cites us to several cases he contends stand for the proposition that, where proof is documentary, we are not bound by the district court's findings. See Verchinski v. Klein, 105 N.M. 336, 338, 732 P.2d 863, 865 (1987); Brooks v. Tanner, 101 N.M. 203, 205, 680 P.2d 343, 345 (1984); House of Carpets, Inc. v. Mortgage Inv. Co., 85 N.M. 560, 514 P.2d 611 (1973); cf. United Nuclear Corp. v. General Atomic Co., 93 N.M. 105, 119, 597 P.2d 290, 304 (1979). The first three cited cases deal with interpretation and construction of contracts or mortgages, where the issues facing the court were solely or primarily a matter of interpretation of the documentary evidence. United Nuclear rejected, within the scope of the issues presented, the request to consider the evidence de novo.

at issue, and Pucci prevailed on the merits of his claims.

 Based on the records submitted and its observations at trial, the district court could determine that the $10,000 specified in the fee agreement was reasonable. *See Gavin Maloof & Co. v. Southwest Distributing Co.*, 106 N.M. 413, 744 P.2d 541 (1987). Accordingly, we affirm the award.

Pucci's attorney has requested costs and attorney's fees for his efforts in maintaining this appeal. We agree that an award is appropriate. *See* SCRA 1986, 12–403(B). We reject, however, the request for damages.

The judgment rendered below is affirmed, and we remand to the district court solely to determine an appropriate award of attorney's fees and costs for this appeal.

IT IS SO ORDERED.

SOSA, C.J., and RANSOM, J., concur.